### FOR THE

### COUNTY OF CHITTENDEN.

### DECEMBER TERM, 1848.

PRESENT,

Hon. STEPHEN ROYCE, Chief Judge.
Hon. MILO L. BENNETT,
Hon. DANIEL KELLOGG, } Assistant Judges.
Hon. HILAND HALL,

---

JOHN DERBY AND OTHERS *v.* FREDERIC A. JOHNSON AND OTHERS.

The plaintiffs and defendants entered into a contract in writing, by which the plaintiffs engaged to do all the stone work, masonry and blasting upon three miles of the rail road, at certain specified prices by the cubic yard. The plaintiffs entered upon the performance of the contract, and, while they were so engaged, the defendants gave them an unconditional direction to leave the work, and to do nothing more under the contract; and thereupon the plaintiffs did leave immediately. And it was held, that this could not be treated as a mutual relinquishment of the contract, but as an exercise of a right, which by law belonged to the defendants, to put an end to the contract, leaving themselves liable, of course, for all consequences resulting from such breach of the contract upon their part.

In such case the plaintiffs may elect to treat the contract as still existing, and binding upon the defendants, and may recover for the work performed, at the contract prices, and for all damages incurred by them in consequence of the

3

Derby et al. *v.* Johnson et al.

discontinuance of the contract by the defendants;—HALL, J.;—and it appearing in this case that but a small portion of the work contracted for had been performed, and that what had been performed was in such an unfinished condition, as to be incapable of being measured and its price ascertained by the rate specified in the contract, it was also held, that the plaintiffs, under the circumstances, might treat the contract as rescinded from the beginning and might recover, upon a *quantum meruit,* the true value of the labor performed by them, without regard to the contract prices.   And this recovery was allowed in an action upon book account.

The case of *Koon* v. *Greenman,* 7 Wend. 121, commented upon and distinguished from the present case.

BOOK  ACCOUNT.   Judgment to account was rendered, and an auditor was appointed, who reported the facts substantially as follows:

On the sixteenth day of March, 1846, the plaintiffs and defendants entered into a written agreement, by which the plaintiffs agreed to perform, in the most substantial and workmanlike manner, to the acceptance of the engineer of the Vermont Central Rail Road Company, all the stone work, masonry and blasting on the three miles of rail road taken by the defendants, at certain specified prices by the cubic yard.   On the twenty third day of March, 1846, the plaintiffs commenced work under the contract, and continued until the twenty third day of April, 1846, when the defendant Johnson directed and requested the plaintiffs to cease labor and to abandon the farther execution of the contract.   In consequence of this request and direction the plaintiffs immediately, on the same day, ceased laboring under the contract and abandoned its farther execution.   In the afternoon of the same day, and after the men and teams of the plaintiffs had been taken from the work in pursuance of this notice and request of the defendants, the defendants did advise, or request, the plaintiffs to do something more to a culvert, which was partly finished, and which had been that day condemned by the engineer, so that thereby a part of the culvert might be taken into the estimate of work done, which was to be made by the engineer the next day; but the plaintiffs declined so doing.   From the nature of the work, and its unfinished state, at the time the work was discontinued, the value of a very considerable portion of the work performed could not be estimated by the prices specified in the contract.

The plaintiffs presented an account of the number of days' labor expended by themselves and the men in their employ, and of the materials furnished by them, in the prosecution of the work performed by them under the contract, amounting in the whole to $313,44; and the auditor found, that the items were reasonably and properly charged. The defendants presented an account in offset, which was allowed at $15,54.

Upon these facts the auditor submitted to the court the question, whether the plaintiffs were entitled to recover, and, if so, what amount.

The county court, March Term, 1848,—BENNETT, J., presiding, —rendered judgment for the plaintiffs for the amount of their account, as claimed by them, deducting the amount of the defendants' account. Exceptions by defendants.

*Platt & Peck* for defendants.

1. The request of the defendants, that the plaintiffs would leave the work, was conditional. The condition was not performed, and the abandonment by the plaintiffs was in their own wrong. It does not appear, that the plaintiffs accepted the defendants' proposition to leave, other than by the act of leaving, or that the defendants knew of the departure of the men and teams of the plaintiffs at the time of the second request. Consequently, until the second proposition was made, the matter, as to the defendants, rested in proposition, and they were at liberty to withdraw or modify that proposition. Therefore, by showing the facts which appear in this connection in the report, the plaintiffs cannot show enough, as the *onus* to prove right of abandonment lies upon them. Story on Cont., §§ 82, 83. Chit. on Cont., 9th Ed., 2–12. *Tucker* v. *Woods*, 12 Johns. 190.

2. The abandonment does not entitle the plaintiffs to recover, except according to the prices specified in the contract. The notice and request were a proposition to discontinue the prosecution of the work. Had the plaintiffs chosen to proceed with the work, the defendants could not have prevented them. It was therefore optional with the plaintiffs to continue, or discontinue, the prosecution of the work. By discontinuing it, they complied with and ac-

Derby et al. *v.* Johnson et al.

cepted the proposition as effectually in law, as if they had accepted it in express terms. Thus the parties mutually promised to rescind; and their promises were predicated upon the relinquishment of the executory rights, which they had against each other, under the contract,—leaving *in esse* only the part which was then executed; the legal effect of which is the same, as if the original contract had contemplated no farther performance, than has been had. *Tyson v. Doe*, 15 Vt. 571. *James v. Cotton*, 7 Bing. 266, [20 E. C. L. 126.]

The court cannot consider the fact, that some or all of the work done is left by the rescission in such a state, that it cannot be paid for under the contract, except to determine whether, or not, a contract of rescission has been made. When they find, that one has been made, it must be allowed full operation.

*A. B. Maynard* and *Wm. P. Briggs* for plaintiffs.

The special contract was rescinded. *Giles v. Edwards*, 7 T. R. 177. *Tyson v. Doe*, 15 Vt. 571. And the fact, that the defendants afterwards requested the plaintiffs to do something more under the contract, does not affect the rescission, which had already taken place. *Sutton v. Tyrrell*, 12 Vt. 79.

The contract being rescinded, the claim of the plaintiffs is for what they reasonably deserve to have. The cases, where it is said the party shall recover according to the contract price, (where there has been a deviation by consent,) so far as it can be followed, all rest upon the presumed intention of the parties to that effect. Here no such presumption can be supported; for the work was so situated, when the plaintiffs were compelled to leave, as to preclude all possibility of such an estimation. *Koon v. Greenman*, 7 Wend. 121. *Dubois v. D. & H. Canal Co.*, 12 Wend. 334.

The defendants cannot justly claim, that the contract is open and subsisting in those respects which may be advantageous to them, while they repudiate the duties which it enjoins upon them; they cannot lawfully insist upon the contract price, while at the same time they will not allow the plaintiffs to conform to its stipulations. *Planche v. Colburn*, 8 Bing. 14, [21 E. C. L. 203.] *Stevens v. Low*, 2 Hill 132. 1 Denio 317,

The opinion of the court was delivered by

Hall, J.   It is insisted, in behalf of the defendants, that the request and direction of the defendants to the plaintiffs, to cease work and abandon the execution of the contract, is to be considered in the light of a proposition to the plaintiffs, which they were at liberty to accede to, or disregard, and that, having acquiesced in it by quitting the work, the contract is to be treated as having been relinquished by the mutual consent of the parties.   But we do not look upon it in that light.   The direction of the defendants to the plaintiffs to quit the work was positive and unequivocal; and we do not think the plaintiffs were at liberty to disregard it.   In *Clark* v. *Marsiglia,* 1 Denio 317, it was held, that the employer, in a contract for labor, had the power to stop the completion of it, if he chose,—subjecting himself thereby to the consequences of a violation of his contract; and that the workman, after notice to quit work, had not the right to continue his labor and claim pay for it. And this seems to be reasonable.   For otherwise the employer might be entirely ruined, by being compelled to pay for work, which an unexpected change of circumstances, after the employment, would render of no value to him.   If, for instance, in this case the location of the rail road had been changed from the place where the work was contracted to be done, or if the plaintiffs' employers had become wholly insolvent after the making of the contract, the injury to them, if they had no power to stop the work, might be immense and altogether without remedy.   Rather than an injury so greatly disproportioned to that which could possibly befall the workman should be inflicted on the employers, it seems better to allow them to stop the work, taking upon themselves, of course, all the consequences of such a breach of their contract.   Such, we think, is and ought to be the law.   We are therefore satisfied, that the plaintiffs were prevented from executing their contract by the act of the defendants, and that the contract is not to be treated as having been mutually relinquished.

Treating the plaintiffs as having been prevented from executing their part of the contract by the act of the defendants, we think the plaintiffs are entitled to recover, as upon a *quantum meruit*, the value of the services they had performed under it, without reference to the rate of compensation specified in the contract.   They might

Derby et al. *v.* Johnson et al.

doubtless have claimed the stipulated compensation, and have introduced the contract as evidence of the defendants' admission of the value of the services. And they might, in addition, in another form of action, have recovered their damages for being prevented from completing the whole work. In making these claims the plaintiffs would be acting upon the contract as still subsisting and binding; and they might well do so; for it doubtless continued binding on the defendants. But we think the plaintiffs, upon the facts stated in the report of the auditor, were at liberty to consider the contract as having been rescinded from the beginning, and to claim for the services they had performed, without reference to its terms.

The defendants, by their voluntary act, put a stop to the execution of the work, when but a fractional part of that which had been contracted for had been done, and while a large portion of that, which had been entered upon, was in such an unfinished condition, as to be incapable of being measured and its price ascertained by the rate specified in the contract. Under these circumstances, we think the defendants have no right to say, that the contract, which they have thus repudiated, shall still subsist for the purpose of defeating a recovery by the plaintiffs of the actual amount of labor and materials they have expended.

In *Tyson* v. *Doe,* 15 Vt. 571, where the defendant, after the part performance of a contract for delivering certain articles of iron castings, prevented the plaintiff from farther performing it, the contract was held to be so far rescinded by the defendant, as to allow the plaintiff to sustain an action on book for the articles delivered under it, although the time of credit for the articles, by the terms of the contract, had not expired. The court, in that case, say, " that to allow the defendant to insist on the stipulation in regard to the time of payment, while he repudiates the others, would be to enforce a different contract from that which the parties entered into." The claim now made in behalf of the defendants, that the rate of compensation specified in the contract should be the only rule of recovery, would, if sustained, impose upon the plaintiffs a contract, which they never made. They did, indeed, agree to do all the work of a certain description on three miles of road, at a certain rate of compensation per cubic yard; but they did not agree to make all their preparations and do but a sixteenth part of the work at that rate;

and it is not to be presumed they would have made any such agreement. We are not therefore disposed to enforce such an agreement against them.

The case of *Koon* v. *Greenman,* 7 Wend. 121, is much relied upon by the counsel for the defendants. In that case the plaintiff had contracted to do certain mason work at stipulated prices, the defendant finding the materials. After a part of the work had been done, the defendant neglecting to furnish materials for the residue, the plaintiff quit work and brought his action of general assumpsit. The court held he was not entitled to recover the value of the work, but only according to the rate specified. The justice of the decision is not very apparent; and it does not appear to be sustained by the authorities cited in the opinion,—they being all cases, either of deviations from the contract in the manner of the work, or delays of performance in point of time. But that case, if it be sound law, is distinguishable from this in at least two important particulars. In that case the plaintiff was prevented from completing his contract by the mere negligence of the defendant; in this by his voluntary and positive command. In that case there does not appear to have been any difficulty in ascertaining the amount, to which the plaintiff would be entitled, according to the rates specified in the contract; whereas in this it is altogether impracticable to ascertain what sum would be due the plaintiffs, at the stipulated prices, for the reason that when the work was stopped by the defendants, a large portion of it was in such an unfinished state as to be incapable of measurement. That case is therefore no authority against the views we have already taken.

The judgment of the county court is therefore affirmed.