CARROLL *v.* GIDDINGS.

A contractor may maintain general assumpsit for services rendered in part execution of the contract when he has been discharged by the other party, without right, before the completion of the work.

ASSUMPSIT, on a *quantum meruit,* for services rendered in part performance of a special contract to build a meeting-house. Facts found by a referee, who awarded the plaintiff the value of his labor. The plaintiff performed the services sued for, under and according to a written contract between the parties. The plaintiff did not abandon the contract, but the defendant, without right, discharged the plaintiff when he had partially performed it.

*A. F. L. Norris* and *W. T. & H. F. Norris,* for the plaintiff.

*Whittemore* and *Mugridge,* for the defendant.

BINGHAM, J. The defendant claims that the plaintiff cannot recover ; that his action should have been special assumpsit for the damage done him by the defendant in refusing to allow the plaintiff to perfect his contract.

If a special contract is open, not executed, and a party seeks to recover damages for a breach of it, he must declare specially, stating the contract and the breach, and general assumpsit will not lie. But when a contract is at an end, either by its provisions or by the wrongful act of the defendant, so that nothing remains to be done but to pay money, general assumpsit will lie. *Moulton* v. *Trask,* 9 Met. 577 ; 2 Greenl. Ev., *s.* 104 ; *Canada* v. *Canada,* 6 Cush. 15.

The act of the defendant gave the plaintiff the right to treat the contract as ended, and he can maintain his action of assumpsit on a *quantum meruit.* Chitty on Con. (11th ed.) 1091, note *n.* ; *Derby* v. *Johnson,* 21 Vt. 17 ; *Planche* v. *Colburn,* 8 Bing. 14 ; *Goodman* v. *Pocock,* 15 A. & E. (N. S.) 576.

*Judgment on the verdict.*

FOSTER and CLARK, JJ., did not sit.