HENRY HARRISON v. FREDERICK H. CLARKE.

Submitted March 19, 1909—Decided June 7, 1909.

1. The general rule is that for a breach of a contract nominal damages only can be recovered unless there is proof of substantial damages which cannot be inferred from the breach alone.

2. Where a defendant has prevented the performance of a contract by his fault the measure of damages generally is, for the work performed, such a proportion of the entire price as the fair cost of that work bears to the fair cost of the whole work, and for the work not performed such profit as would have been realized by its performance.

3. In such a suit the amount of recovery must be regulated by the contract price, although circumstances may exist which make it impracticable to ascertain what sum would be due at the contract price as in case the work done was in such an unfinished state as to be incapable of measurement, in which event the recovery may be without reference to the contract rate, as upon a *quantum meruit*.

4. A plaintiff should not be awarded a recovery of the whole contract price under a contract not performed or only partially performed without proof to show his actual loss.

On appeal from the First District Court of Newark.

Before Justices GARRISON, BERGEN and VOORHEES.

For the plaintiff, *Edwin G. Adams.*

For the defendant, *Woodruff & Stevens.*

The opinion of the court was delivered by

VOORHEES, J.   This is an appeal from the First District Court of Newark, in which judgment was rendered, after trial before the court without a jury, in favor of the plaintiff for $300.

The action was brought to recover upon a contract contained in certain correspondence whereby the plaintiff offered in a letter to paint two portraits of the defendant's parents to the entire satisfaction of the defendant as to likeness and

quality, pictures to be delivered within a reasonable time. This was confirmed by letter written to the plaintiff by the defendant on the same day, to wit, May 28th, 1908, and the plaintiff was directed to proceed.

The proof was that the plaintiff, after a sitting by defendant's parents and the taking of photographs, during which the sister of the defendant was present, received a letter from the defendant reading, "Your proposition to cancel your contract to produce in oil portraits of my father and mother is accepted without recourse," to which the plaintiff replied that he was not aware of any proposed cancellation of the contract, and that if the defendant desired to cancel it the plaintiff supposed that he would at least offer to settle for the work already done. Thereafter there was some correspondence between the parties, in which the plaintiff was informed that there would be no more sittings at present as there was dissatisfaction with the manner in which the plaintiff was conducting the matter.

The court found as a matter of fact that the contract had never been rescinded; that the portraits had progressed to some extent. The plaintiff stated that the expense was "inestimable," no cash expense to speak of, the cost of the actual paint and canvas being very little, the most was in skill and labor, and that if the plaintiff had been permitted to fulfill his contract there would have been profit. The court rendered judgment for the entire contract price, $300.

The insistment of the defendant is that the measure of damages in cases of this type is—*first,* actual reasonable expense in preparing to perform the contract; *second,* if the work is partly performed before the breach the actual reasonable value of the work done, and *third,* the actual pecuniary loss of profit, if any; and further argues that the plaintiff must prove these or fail in recovering actual damages and be confined to nominal damages alone.

The general rule is that for the breach of a contract nominal damages only can be recovered unless there is proof of substantial damages, which cannot be inferred from the breach alone.

There was no evidence that there was any expense in the preparation to perform the contract, nor what was the reasonable value of the work done before the contract was broken, nor was there any evidence of what profit, if any, would have been made if the contract had been completed. Consequently, no loss of profit was proved.

The general rule of damages where there is a prevention of performance of a contract by the fault of the defendant, was enunciated in *Kehoe* v. *Rutherford, 27 Vroom* 23. It was, for the work performed, such a proportion of the entire price as the fair cost of that work bears to the fair cost of the whole work, and for the work not performed such profit as would have been realized by its performance.

In a suit brought upon such a contract for refusal to perform the damages for what has been done under it, as well as the profits to be earned, must be regulated by the contract price, although circumstances may exist which make it impracticable to ascertain what sum would be due at the stipulated prices, because when the work was stopped it was left in such an unfinished state as to be incapable of measurement, in which case the recovery might be as upon a *quantum meruit,* without reference to the contract rate. *Derby* v. *Johnson, 21 Vt.* 17. See full discussion of this subject in *Sedgw. Dam.* (*6th ed.*) 264, 265.

It may be, and probably is, true, that these circumstances are present in this case, and that the latter rule must be applied as to work performed.

But that the plaintiff, without proof to show his loss, should be awarded a recovery under a contract not performed, or only partially performed, of the same amount as he would be entitled to upon full performance, would be to permit what in *Kehoe* v. *Rutherford, supra,* was rejected because "the absurdity of the result condemns the application of such a rule." This leads to a reversal of the judgment.

Whether the general rule or its modification must be applied in this case depends upon the facts. What they are do not appear.

The judgment is reversed and a new trial ordered.