## POPULAR MECHANICS CO. v. FAWCETT PUBLICATIONS, Inc.

### No. 6265.

Circuit Court of Appeals, Third Circuit.

July 28, 1937.

Rehearing Denied Sept. 25, 1937.

Hugh M. Morris and Alexander L. Nichols, both of Wilmington, Del. (Edward S. Rogers, of New York City, and William T. Woodson, and E. K. Lundy, both of Chicago, Ill., of counsel), for appellant.

Chester W. Johnson, of Minneapolis, Minn., and Dan J. O'Connell, of Chicago, Ill. (Marvel, Morford, Ward & Lohan and Arthur G. Logan, all of Wilmington, Del., of counsel), for appellee.

Before BUFFINGTON, DAVIS, and BIGGS, Circuit Judges.

DAVIS, Circuit Judge.

This is an appeal from a final decree of the District Court (entered upon the mandate from this court) refusing to allow an accounting for damages and profits.

This suit was originally brought in the District Court for the infringement of a trade-mark and unfair competition. The plaintiff, Popular Mechanics Company, has published its magazine, "Popular Mechanics," since 1902. "Popular Mechanics" has been registered as a trade-mark since 1914.

In 1928 the defendant began to publish a competitive magazine dealing with the same subjects under the name of "Modern Mechanics and Inventions." The words "Modern Mechanics" were printed across the face of the magazine in large, bold type and the words "and Inventions" in small type under the catchy key words. Defendant tried to have the name of its publication registered as a trade-mark. It was contested because of its similarity to the name of the plaintiff's magazine and registration was denied.

The District Court (9 F.Supp. 474) found that the defendant was guilty of unfair competition with the plaintiff. It held that plaintiff was entitled to the exclusive use of the word "Mechanics" as the name of its magazine and accordingly enjoined the defendant "from using the word 'Mechanics or Mechanix' as the name or part of the name of any magazine or magazines published, offered for sale or sold by said defendant," and also ordered an accounting for profits and damages.

The case was appealed to this court, 80 F.(2d) 194, and, while we entirely agreed with the learned District Judge that the defendant was guilty of unfair competition and the plaintiff was entitled to full protection, we held that the word "Mechanics" was a descriptive term, belonged to the public, and plaintiff was not entitled to the exclusive use of the word to designate its magazine, but that the defendant, if it used the word as part of the name of its magazine, must do so in such manner as would distinguish its magazine from the plaintiff's and thus prevent deception to the purchasing public. We reversed the decree and remanded the case to the District Court for further proceedings in accordance with our opinion.

In reversing the decree, we did not intend to deny an accounting to the appellant for profits and damages. After reversing that part of the decree which enjoined the defendant from any use of the word "Mechanics," as part of the name of its magazine, even though it might be used by defendant in such manner as to distinguish its magazine from the plaintiff's, we should have added the words that "in other respects the decree is affirmed." That would clearly have affirmed that part of the decree which awarded an accounting for profits and damages. We did not make clear what we intended, and the refusal to award an accounting for profits and damages by the learned District Judge when the mandate from this court went down was our fault and not his. We assume the responsibility for his refusal.

The decree is reversed, with directions to enter a decree allowing to plaintiff an accounting for profits and damages and in addition providing inter alia:

"a. That a perpetual injunction issue out of and under the seal of this Court directed to the defendant, Fawcett Publications, Inc., * * * from advertising, marketing, designating, displaying, selling and/or offering for sale any magazine or magazines published by said defendant using as part of the title of said magazine or magazines the word 'Mechanics' or 'Mechanix' unless used in such manner as will distinguish defendant's magazine from plaintiff's magazine Popular Mechanics, and thus prevent deception to the purchasing public."

"b. from so dressing and contriving its publication as would be calculated to cause the same to be passed off or mistaken for the publication of the plaintiff; and

"c. from doing any act or thing, using any name, contrivance or artifice, or style or character of dress, which may be calculated to induce the belief that the defendant's publication is the publication of the plaintiff."