## In re MENDOTA BUILDING CO.

## ARMSTRONG v. MENDOTA BUILDING CO.

No. 6234.

Circuit Court of Appeals, Seventh Circuit.

Oct. 22, 1937.

William R. Curkeet and Carl Flom, both of Madison, Wis., for appellant.

Arnold R. Petersen, E. J. B. Schubring, William Ryan and R. J. Sutherland, all of Madison, Wis., for appellee.

Before EVANS and MAJOR, Circuit Judges, and LINDLEY, District Judge.

MAJOR, Circuit Judge.

This appeal is predicated upon the action of the District Court in refusing to confirm a special master's report allowing appellant damages in the sum of $1,260. Appellant's claim is based upon her wrongful discharge by appellee, by whom she was employed as hostess at University Girls' Dormitory at Madison, Wis., owned and operated by appellee. The claim was filed in a proceeding for the corporate reorganization of appellee and referred by

the court to a special master, who, after a hearing, recommended the allowance of the claim in the above-named amount. Notwithstanding a provision in the order of reference that unless objections were filed to said report within ten days the same would stand confirmed, the District Court, without any objections before it and without the hearing of any additional testimony, entered an order disallowing all of appellant's claim except the sum of $200, in which amount it was allowed.

Appellant was employed August 22, 1933, at a salary of $1,200 per year and maintenance. She was in charge of the health, conduct, and social factors, and personnel, and was to assist in the renting of rooms. The contract of employment, which was in writing, provided that either party might terminate the same at the end of the year by giving two months' written notice. On December 20, appellant was given written notice of her discharge, in the form of a letter. No reason was assigned by appellee as to why her employment was to be terminated, except it was stated in the letter that appellee "has reasons which it deems good and sufficient for taking this action, but does not believe that any good would be accomplished by setting them forth here."

Appellant's claim was for damages sustained by reason of her discharge in breach of contract, and appellee defended upon the ground that the same was justifiable, assigning a number of reasons therefor, chief of which was insubordination, failure to co-operate with the management, and lack of business judgment generally.

The master, after hearing the oral testimony of several witnesses and receiving numerous exhibits offered, made a report to the effect that appellee had failed to justify itself in discharging appellant and recommended that appellant's claim be allowed in the amount above stated. The District Court entered findings of fact and conclusions of law contrary to the findings and conclusions reached by the special master, although he did allow the claim in the amount of $200, evidently based upon some testimony before the master with reference to a compromise of the claim for this amount. This question was not an issue before the master and was referred to rather incidentally. While there is some evidence that such a suggestion is made, we are convinced from the record that no such offer was ever accepted by appellant,

and the court was in error in so concluding. Appellant was either entitled to recover the amount found due her by the master or nothing.

We are confronted in this matter with the findings and conclusions of the District Court contrary to the findings and conclusions of the special master. Both sides rely upon General Orders in Bankruptcy order 47, 11 U.S.C.A. following section 53, and numerous authorities construing the same. A review of these authorities convinces us that the rule itself is as plain and perhaps more so than the language of the courts, or some of the courts which have sought to explain it. We are, however, somewhat impressed with the language used by the court in Rasmussen v. Gresly (C.C.A.) 77 F.(2d) 252, at page 253, where the court said: "The referee was the trier of the facts. He had these witnesses before him. In testing their credibility and the weight of their evidence, he had a distinct advantage over this court and the court below, neither of which has had before it anything more than the cold record. The frankness and fairness shown by the witnesses, their attitude upon the witness stand, and the extent to which their testimony was colored, if it was colored at all, by self-interest, were important considerations in weighing their evidence and determining their credibility. * * * The determination of a referee in bankruptcy of issues of fact, based upon the evidence of witnesses appearing in person before him, where such determination must rest upon the credibility of the witnesses and the weight of their evidence, should ordinarily be accepted upon review, except in those cases where it is obvious that the referee has made a mistake [Cases cited]."

Of course the rule recognizes the right of the court to overrule the report of the special master as it is expressly stated; "or reject the same in whole or in part when the court in the exercise of its judgment is fully satisfied that error has been committed," but a review of the record convinces us that the District Judge erred in not confirming the report of the master. The burden was upon appellee to justify its discharge of appellant, and we agree with the special master that it failed in this respect. The reasons given for the discharge were of rather a frivolous nature. In fact, no reasons were given in the notice of discharge, and those assigned some time

afterwards as a defense to appellant's claim strike us as being an afterthought.

The judgment of the District Court is reversed, with directions to enter a judgment in conformity with the report of the special master.