ARROW DISTILLERIES, Inc. (Michigan) v. ARROW DISTILLERIES, Inc., (Illinois).

No. 7342.

Circuit Court of Appeals, Seventh Circuit.

Feb. 11, 1941.

Rehearing Denied March 14, 1941.

Ralph M. Snyder, of Chicago, Ill., and Eugene D. McLaughlin, of Peoria, Ill., for appellant.

Ira J. Covey, of Peoria, Ill., and Julian B. Venezky, of Washington, D. C., for appellee.

Before SPARKS and KERNER, Circuit Judges, and BRIGGLE, District Judge.

SPARKS, Circuit Judge.

Appellant is a Michigan corporation and appellee, an Illinois corporation. Their names being the same, appellant by this action charged appellee with unfair competition in appropriation of appellant's corporate name and trademark and sought damages therefor. Appellee answered in denial and also asserted a counterclaim based upon its alleged right to use its corporate and trade names and asked for an accounting of profits.

The matter was referred to a master, but it was stipulated that the question of accounting should not be inquired into by the master until after he had reported to the court his findings as to the other issues.

The master found that appellant was entitled to the protection of the court as against appellee in use of the corporate name, because of its prior adoption and use, and that appellee and its agents should be permanently enjoined and restrained from (1) using its corporate name or any name including the name Arrow, in any state of the United States except Illinois, (2) soliciting orders for the purchase, or selling or shipping any spirits, alcohol, whiskey, gin, cordials or liqueurs in any of the States except Illinois, under the name "Arrow" or bearing any label containing the name "Arrow," as a brand or trade name, (3) advertising for sale any of the named products by letter, circular, newspaper or periodical advertisements, in any of the States except Illinois. The master further found that defendant's counterclaim should be dismissed for want of equity. The master heard forty-eight witnesses whose testimony aggregated almost twenty-five hundred pages of record.

Upon appellee's exceptions to this report the court heard no testimony, but on the testimony as reported by the master found that appellee was the first user of the name and that appellant was the offender. Hence he enjoined appellant from its use and awarded an accounting against appellant. The court stated: "I take it that all counsel agree on the law, but the controverted question is the question of fact." The decree followed the court's findings.

The master found the following facts in substance: Prior to September 15, 1933, there was no existing corporation by the name of Arrow Distilleries, Inc., and no property rights in that name. Appellant was incorporated on September 15, 1933, and was authorized under its charter to manufacture and deliver redistilled and distilled alcohol and non-alcoholic beverages, extracts, essential oils and liqueurs. Immediately upon its incorporation it began to operate as such in both state and interstate business, and during October, 1933, it prepared for doing business in the cordial and liqueur line as soon as it could do so legally (this was in anticipation of the legalization of the sale of intoxicating liquor on December 5, 1933). It purchased and remodeled a building to fit its

needs, and ordered advertising, bottles, labels, corks, cartons, catalogs, booklets, order blanks, magazine advertising and various materials to be used in its business, all in the name of Arrow Distilleries, Inc., of Michigan, and substantially all of said articles ordered bore the name of Arrow Distilleries, Inc., or some part thereof. From then to the time of the findings it had continued to do an interstate business, and had continuously used its corporate name or some part thereof, to mark all the goods bought or sold by it in either state or interstate business.

At the same time it began to do business under its corporate name, using advertisements therefor, and hiring salesmen, some of whom were then soliciting business, which amounted to a continuous doing of business under its corporate name, before appellee was incorporated or did any business.

On November 18, 1933, appellee was organized with its place of business in Peoria, Illinois. It was organized for the purpose, among other things, of rectifying, bottling, and dealing in whiskey and alcoholic beverages, which it proceeded to do as soon as legally possible. It had no notice or knowledge that the appellant had organized; and the selection of the word "Arrow" by the persons who organized both corporations was caused solely by their familiarity with the word, as it had been formerly used by other companies in the liquor business.

On November 25, 1933, appellant having discovered that appellee had incorporated in Illinois under the same name, and fearing the effect on the public of the two corporations doing business of the same nature under the same name, called appellee on the telephone and endeavored to have it change its name for the purpose of avoiding misunderstanding and confusion. Appellant's representatives called upon appellee at its home office and had several conversations with its representatives. Appellee, however, refused to negotiate further, and thereafter returned appellant's letters unopened, and continued wrongfully to use the corporate name "Arrow Distilleries, Inc.," in its interstate business to the damage and detriment of appellant.

Many instances of confusion were caused by the identity of the corporate names of the two corporations and by the similarity of labels and printing. The continued use of the name "Arrow Distilleries, Inc." and the word "Arrow" was calculated to and did confuse and deceive customers and prospective purchasers of appellant's products to its loss and damage. Appellee has been guilty of unfair competition with appellant, as charged in the complaint, in that it has pursued a consistent course that has resulted in much confusion in the minds of the public and has injured the business of appellant. Such unfair competition consists: (1) in selling liqueurs and cordials under the brand name (Arrow), with labels prominently displaying the name of the manufacturer in connection therewith; (2) in putting on the market alcohol, whiskey and gin under labels prominently displaying the name of the manufacturer, "Arrow Distilleries, Inc.," and in placing those products on the market in such a way as to make it possible for dealers to pass off on the public the appellee's products as products manufactured by appellant to the detriment of its reputation; (3) in causing confusion as to the identity of appellant by the adoption and continued use of its corporate name as appellant's, after being notified and requested to cease using appellant's name; (4) by a course of conduct making it possible for distribution jobbers and dealers to pass off appellee's products as those of the appellant, and by so doing, appropriate sales and profits which rightfully belonged to appellant; and (5) by so imitating the label of appellant's "Tom and Jerry" that the public has been deceived into purchasing appellee's product, believing that it was obtaining the product of appellant. The master further found, as a matter of law, that appellant was entitled to the protection of the court as against appellee in the use of its corporate name because of the prior adoption and use of that name by appellant, and that appellee and its officers and agents should be permanently enjoined and restrained from doing the acts complained of as above mentioned. He further found that an accounting should be had.

■■ The only question of merit presented by this appeal is whether the court erred in rejecting the master's findings of fact. We think it did. Rule 53(e) (2), Federal Rules of Civil Procedure, 28 U. S.C.A. following section 723c, provides that in an action to be tried without a jury the court shall accept the master's findings of fact unless they are clearly erroneous. This rule follows the earlier ruling of

the Supreme Court in Davis v. Schwartz, 155 U.S. 631, 15 S.Ct. 237, 39 L.Ed. 289. This court has followed the rule in Scavenger Service Corporation v. Courtney, 7 Cir., 85 F.2d 825; In re Mendota Bldg. Corp., 7 Cir., 92 F.2d 644; and Santa Cruz Oil Corporation v. Allbright-Nell Co., 7 Cir., 115 F.2d 604. Under this rule the court cannot reject the master's findings of fact unless they are clearly erroneous. We think they were not clearly erroneous in this case. They were not only supported by substantial evidence, but a reading of the evidence convinces us that they were supported by a preponderance thereof.

The decree is reversed and the case is remanded for further proceedings not inconsistent with this opinion.