## ARROW DISTILLERIES, Inc., (MICHIGAN) v. ARROW DISTILLERIES, Inc. (ILLINOIS) (two cases).

### Nos. 7916–7918.

Circuit Court of Appeals, Seventh Circuit.

June 18, 1942.

Ralph M. Snyder, of Chicago, Ill., and Eugene D. McLaughlin, of Peoria, Ill., for appellant.

John L. McInerney, Louis M. Mantynband, and Sidney R. Zatz, all of Chicago, Ill., for appellee.

Before SPARKS, KERNER, and MINTON, Circuit Judges.

SPARKS, Circuit Judge.

These appeals involve the alleged failure of the District Court to comply with the mandate of this court issued on April 15, 1941, pursuant to this court's opinion in the same case, 117 F.2d 636. The pertinent facts in this case are set forth in that opinion.

Briefly, plaintiff, a Michigan corporation, had charged defendant, an Illinois corporation, with unfair competition in the appropriation of the former's corporate name and trademark, and sought injunctive relief and an accounting and damages for sales in all states except Illinois. Plaintiff did not allege infringement of a federally registered trademark, but stated that it had registered the word "Arrow" as a mark of its products in every State of the United States where liquor could legally be sold, except Illinois, Indiana and Kentucky. Defendant answered in denial and asserted a counterclaim based upon its alleged right to commit the acts complained of, and it asked for an accounting and profits. The matter was re-

ferred to a master upon only the issue of unfair competition, and it was stipulated that he should not inquire into the accounting until he had reported to the court his findings on the other issues.

The master's report contained special findings of fact, and also his conclusions of law thereon, favorable to plaintiff. The District Court on the same evidence rendered findings of fact and conclusions of law favorable to the defendant. Up to this time the question of damages had not been inquired into. We reversed because we thought the master's findings of facts were supported by substantial evidence and that the law was with the plaintiff.

Upon remand, the District Court entered its order enjoining defendant, except as to the area of Illinois, from the unfair practices of which the master's report had found it guilty. The decree further provided that the plaintiff "recover of the defendant * * * the profits * * * which said defendant has derived by reason of its sale of liqueurs and cordials under the brand name 'Arrow' except * * * (as to those sold in the State of Illinois.)" The decree, as subsequently amended, further ordered a reference to a special master who was thereby clothed with the usual powers to ascertain and state the profits derived by the defendant from the sales of liqueurs and cordials under the brand name "Arrow" through the acts of unfair competition in trade, and he was thereby empowered to assess the damages, *exemplary as well as compensatory*, suffered by the plaintiff, and to report thereon to the court.

Both parties have appealed from that decree. The plaintiff asserts as error the action of the District Court in excepting from the injunction the area of Illinois, and in limiting the award of profits to cordials and liqueurs sold by defendant under the name "Arrow" in states other than Illinois, and in failing to award to it an accounting of profits made by defendant in the sale of spirits, alcohol, whiskeys, gin, cordials, brandies and liqueurs under the name "Arrow," "Tom and Jerry" or "Arrow Distilleries, Inc." Defendant asserts as error the action of the court in awarding any damages or accounting and, in particular, the authorization of exemplary damages.

■ It is clear that the order complained of is not a final one from which an appeal will lie. Cf. Latta v. Kilbourn, 150 U.S. 524, 14 S.Ct. 201, 37 L.Ed. 1169. Our mandate in the cause formerly before us merely reversed the decree of the District Court and directed that court to proceed in accordance with the views expressed in our opinion, which had to do only with the error of the court in rejecting the master's findings of fact which dealt, in effect, with only the issue as to which party was entitled to the relief sought by each. We were not called upon there to decide what relief the plaintiff was entitled to—it must be borne in mind that both parties asked for both equitable and legal relief, plaintiff by its bill of complaint and defendant by its answer and counterclaim. It was not necessary for us, nor was it within our power to pass upon the extent of the relief to be granted upon the remand. Questions whether plaintiff was entitled to the legal or equitable relief prayed, or both, or the measure of damages, or as to the competency of evidence to sustain such damages were not before us.

■■ Nor was it within our province to pass upon the correctness or error of the master's conclusions of law, which of course were not binding upon the District Court. The most that this court held was that, in entering its own conclusions of law, the court had no power to reject the findings of fact of the master which were based upon substantial evidence. Hence, upon the remand, all the District Court had to do was to resume proceedings at the point where the erroneous judgment was entered. This it did, finding defendant guilty of unfair competition and plaintiff entitled to injunctive relief, accounting, and damages, and referring the cause again to the master. In this action there was no failure to comply with the mandate of this court, as asserted by the parties upon their respective appeals.

The situation differs from that presented by two cases relied upon by plaintiff to sustain the appealability of the order, In re Larson, Jr., Co., 7 Cir., 275 F. 535, and Popular Mechanics Co. v. Fawcett Publications, Inc., 3 Cir., 92 F.2d 181. In the Larson case, the master opened up questions already adjudicated by the former decree, exercising authority not warranted by the mandate, and to that extent, failing to follow that mandate. In the Popular Mechanics case, the appeal was from a final decree refusing to allow an accounting for damages and profits, as a result of a misunderstanding of the mandate of the appellate court. We consider neither of these cases authority for our review of the order here involved.

We must not be understood as saying we are in accord with the order of the District Court, but we do say that the court complied with our mandate because it proceeded in accordance with our former opinion. In following the mandate, the District Court was called upon to exercise its judgment in questions of law regardless of whether it decided those questions rightly or wrongly. Such decisions are always subject to appeal, but not from an interlocutory order. We reach this conclusion reluctantly, inasmuch as a rather serious question of law is sought to be presented by each party. These questions have to do with the limitation of the accounting of profits to sales of cordials and liqueurs, which may or may not have been suggested by the master's conclusion of law on that subject, which, of course, was not binding upon the District Court and not passed upon by us; and the authorization by the District Court to the master to assess exemplary as well as compensatory damages. Whether such damages are assessable in view of the Illinois Practice Act and state court decisions thereunder, and if so, is such assessment warranted by the evidence, are questions which were not before us in the forme· appeal, and they can not be reviewed by us at this stage of the proceedings.

Appeals dismissed.