MONTANA POWER CO. v. BROADWATER–MISSOURI WATER USERS' ASS'N et al.

No. 14.

District Court, D. Montana.

Sept. 18, 1942.

---

W. H. Hoover, R. H. Glover, John V. Dwyer, and J. E. Corette, Jr., all of Butte, Mont., for plaintiff.

R. V. Bottomly, Atty. Gen., of Montana, C. J. Dousman, E. G. Toomey, and W. D. Rankin, all of Helena, Mont., Frank T. Hooks, of Townsend, Mont., Burcham & Blair and E. Ben Johnson, both of Spokane, Wash., and Willard W. Gatchell, of Washington, D. C., for defendants.

PRAY, District Judge.

In this cause certain matters have been submitted for final determination, consisting of the Special Master's report therein, the objections thereto by defendants, the answer of plaintiff to those objections and the motion of defendants to dismiss the case. Motions, hearings and argument have developed a large record in this cause, and much time has been devoted to the questions raised in the last stage of the proceedings, although most of them have heretofore been decided by the two judges of the above named court in ruling on the several motions presented before the appointment of the Master, which had narrowed the issues to those usually present in an action to quiet title to water rights, wherein, in Montana, one of the basic principles to be observed is that one who is "first in time is first in right."

When the present judge was called in to preside and had assumed jurisdiction in this cause, forty-four alleged issues were presented to him by counsel for the defendants in the nature of a motion for their inclusion as issues to be heard and determined, to which objections were interposed by plaintiff. Upon examination of these issues it was ascertained by the court that thirty-two had theretofore been denied and eliminated by Judge Baldwin in settling the pleadings and in establishing the law of the case; that ten of the issues thus presented were found to be inapplicable, and two were allowed as properly raised, and had reference to the reasonable and beneficial use of the waters appropriated. The present judge declined to disturb the rulings on the law of the case as settled by Judge Baldwin, thereby conforming to well known decisions in our own circuit and to the greater weight of authority in general.

It appears from the Master's report and the transcript of testimony that in ruling on the evidence during the hearing of said cause, the master held that prior decisions made by the judges of said court in respect to the issues to be determined, constituted a limitation which had been observed by him, and that when evidence was tendered outside of the settled issues, the Master permitted counsel to make their offers of proof, and that all so made are contained in the transcript of the proceedings, and appear to be properly recorded and available for further consideration.

Tentative findings of fact and conclusions of law were submitted to counsel by the Master under Rule 53(e) (5) of the Rules of Civil Procedure for the District Courts of the United States, 28 U.S.C.A. following section 723c, for the purpose of receiving their suggestions. Thereafter the Master prepared the final draft of his findings of fact and conclusions of law and submitted them to the court. Following his appointment, as appears from his report, the Master examined the pleadings and orders theretofore made by the judges of said court, and the briefs submitted by counsel prior to his appointment and all the files and records in the case, and likewise the exhibits—33 offered by plaintiff, and 24 by defendants—and examined and considered the briefs, the proposed findings and conclusions submitted to him by counsel for the respective parties and by Messrs. Burcham & Blair as amicus curiae, and reconsidered the evidence and exhibits in the light of the suggestions made to him by counsel, and thereafter corrected his tentative findings of fact to conform to suggestions made. All of which, considered in connection with his report and the transcript, discloses on the part of the Master careful study and preparation and full appreciation of the responsibilities devolving upon him.

Counsel for defendants have urged as a principal and vital issue in briefs and oral arguments that injunctive relief sought by plaintiff and allowed by the Master should be disapproved and denied by the court. After considering everything presented on this subject by way of proof and argument the court is unable to agree with counsel in this respect. Where there is evidence of a threatened injury that is likely to occur during certain periods of each year, unless restrained, as plainly appears in this case, undoubtedly injunctive relief should not be denied. Where one

has established his water right as provided by law and shows an injury being inflicted or threatened unquestionably Montana law would allow proper restraint for his protection, and especially where the prior rights of the plaintiff and the threatened injury or interference have been established by proof that is clear and convincing.

Even though the court at this time were inclined to agree with the able arguments of counsel for the defendants in respect to certain issues vital to their cause, and had concluded to adopt the basic theories of the defense, manifestly at once it would become apparent that such a change of front could not be accomplished in respect to thirty-two propositions of law settled and decided by the first judge, and could only be accomplished by the second judge in respect to ten proposals upon being convinced that error had been committed. So that the change would be difficult, were the court so disposed, in view of the law as settled and the proof accepted as controlling. To paraphrase the saying of an early Montana judge, the court may be in error but not in doubt as to the law and the facts of the case, after carefully considering them and then subsequently reconsidering them.

It is provided by Rule 53(e) (2) of the Rules of Civil Procedure for the District Courts of the United States, that "In an action to be tried without a jury the court shall accept the master's findings of fact unless clearly erroneous." Before the adoption of the foregoing rule, Equity Rule 61½, 28 U.S.C.A. § 723, Appendix, controlled and provided that: "In all references to a master * * * the report of the master shall be treated as presumptively correct, but shall be subject to review by the court * * *."

In Kimberly v. Arms, 129 U.S. 512, 525, 9 S.Ct. 355, 360, 32 L.Ed. 764, the Supreme Court said: "We are therefore constrained to hold that the learned court below failed to give to the findings of the master the weight to which they were entitled, and that they should have been treated as so far correct and binding as not to be disturbed, unless clearly in conflict with the weight of the evidence upon which they were made." After quoting the general rule and the decision in Kimberly v. Arms, supra, Judge Nevin held in Re Pullmatch, D.C., 27 F.Supp. 884, 886, that: "giving the findings of the master in the instant proceedings 'the weight to which they' are 'entitled' the court cannot say that the master's findings of fact, or any of them, in the light of all the testimony, are 'clearly erroneous', or that they are 'clearly in conflict with the weight of the evidence upon which they were made.' The court is bound, therefore, to, and it does, confirm the report of the Special Master."

In Adams County v. Northern Pacific Railway Co., 115 F.2d 768–779, Ninth Circuit, Judge Wilbur said, in construing the rule above quoted: " * * * The Railway Company contends that our power to review the decision of the lower court predicated upon the master's report is restricted by rule 53 (e) (2) of Civil Procedure, 28 U.S. C.A. following section 723c * * *. This rule, of course, regulates the conduct of the trial judge and not that of the appellate court. It is not a new rule but a restatement of an old and well-established rule. Camden v. Stewart, 144 U.S. 104, 12 S.Ct. 585, 36 L.Ed. 363; Girard Life Ins. Annuity & Trust Co. v. Cooper, 162 U.S. 529, 16 S.Ct. 879, 40 L.Ed. 1062."

In Arrow Distilleries v. Arrow Distilleries, 7 Cir., 117 F.2d 636–638, the court held: "The only question of merit presented by this appeal is whether the court erred in rejecting the master's findings of fact. We think it did. Rule 53(e) (2) Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides that in an action to be tried without a jury the court shall accept the master's findings of fact unless they are clearly erroneous. This rule follows the earlier ruling of the Supreme Court in Davis v. Schwartz, 155 U.S. 631, 15 S.Ct. 237, 39 L.Ed. 289. This court has followed the rule in Scavenger Service Corporation v. Courtney, 7 Cir., 85 F.2d 825; In re Mendota Bldg. Corp., 7 Cir., 92 F.2d 644; and Santa Cruz Oil Corporation v. Allbright-Nell Co., 7 Cir., 115 F.2d 604. Under this rule the court cannot reject the master's findings of fact unless they are clearly erroneous. We think they were not clearly erroneous in this case. They were not only supported by substantial evidence, but a reading of the evidence convinces us that they were supported by a preponderance thereof. The decree is reversed and the case is remanded for further proceedings not inconsistent with this opinion."

Having reviewed the evidence, offers of proof, the issues actually involved, and the alleged issues heretofore eliminated by both judges and sought to be revived, the con-

clusion seems inevitable that the report of the Master presents a fair and concise exposition of the law of the case, as heretofore established, and which appears to have been consistently applied to the facts as the Master found them to be.

After an earnest consideration of the report, the objections thereto, the answer, the motion to dismiss, arguments of counsel and authorities and statutes relied upon, the court is now of the opinion that the rule above quoted should be applied, and the report approved and adopted as the findings of fact and conclusions of law by the court, and it is so ordered.