## MICHAEL DEL BALSO, Inc., v. CAROZZA.
### No. 8276.

United States Court of Appeals for the
District of Columbia.
Argued April 9, 1943.
Decided June 21, 1943.

Mr. William C. Sullivan, of Washington, D. C., with whom Mr. Joseph C. Turco, of Washington, D. C., was on the brief, for appellant.

Mr. W. Hamilton Whiteford, of Baltimore, Md., pro hac vice, by special leave of Court, with whom Mr. R. Aubrey Bogley, of Washington, D. C., was on the brief, for appellee.

Before EDGERTON and ARNOLD, Associate Justices, and EICHER, Chief Justice of the District Court of the United States for the District of Columbia.

EICHER, Chief Justice District Court.

This controversy arises out of a contract entered into by the parties in March 1934, whereby appellee undertook to superintend the construction of a sewer in North East Washington, for which a contract had been awarded to the appellant by the District of Columbia Government.

Appellant agreed to provide all the necessary capital and was to receive all profits up to 5¾%, except that if the profits did not exceed 5¾%, then appellee was to receive 25% of the profits for his services as General Superintendent. All profits above 5¾% were to belong to appellee, and loss, if any, was to be borne by appellee.

Construction work started in April 1934 and continued under appellee's direction until the latter part of September 1934, when a new superintendent designated by appellant took charge and the work was completed under the orders of the new superintendent.

Appellee instituted this action to establish an equitable lien, to obtain an injunction, and receiver, and demanding general relief. He alleged wrongful discharge, and that large profits accrued to appellant both at the time of his discharge and at completion of contract. Appellant denied, and also prayed for accounting to determine alleged loss.

At the threshold of trial the court below, with consent of parties, ordered the case referred to the Auditor of the Court "to determine which party breached the contract by the termination of the connection of the plaintiff therewith and to state the

accounts between the parties as prayed by them, with leave to each party to introduce before the auditor the evidence already taken or any part thereof, and that the Auditor report to the Court as expeditiously as may be, together with all evidence which may be taken before him."

After hearing testimony the Auditor filed a report in which he determined that the appellant wrongfully terminated appellee's connection with the contract by appointing a new superintendent; that the appellant breached the said contract by the termination of the connection of the appellee therewith, and that after appellee's connection with the contract had been terminated he continued to report at the job for performance of his duties as General Superintendent practically every day until about the middle of October 1934, when he finally left the job. The auditor also found that a loss was sustained on the job in the sum of $2,366.02, and that up to about September or October 1934 the reports from New York (headquarters of defendant) indicated that the receipts, including the value of the materials on hand, exceeded the expenditures.

Exceptions to the report of the auditor were filed by both parties and when the cause came on for hearing on said exceptions before the trial court, it took further testimony and entered a final decree sustaining the appellee's exception to the report of the auditor for failing to find appellee entitled to recover on a quantum meruit, overruling all other exceptions, and awarding appellee judgment in the sum of $5,000.00 for services rendered on quantum meruit, subject to a credit of $750.00, or the net sum of $4,250.00 with interest at 6% per annum from October 1, 1934, plus costs, including the Auditor's charges of $1,250.00.

Appellant states thirteen points of error which he claims inhered in the Auditor's Report. He challenges the action of the Court below in failing to sustain each of said thirteen points and also its action in passing judgment for the appellee on the basis of a quantum meruit.

■ We have examined the evidence with care, and are unable to sustain any of the appellant's thirteen points for the reasons indicated in the case of Arrow Distilleries, Inc. (Michigan) v. Arrow Distilleries, Inc. (Illinois), 7 Cir., 117 F.2d 636, 638, (certiorari denied, 314 U.S. 633, 62 S.Ct. 67, 86 L.Ed. 508) as follows:

"The only question of merit presented by this appeal is whether the court erred in rejecting the master's findings of fact. We think it did. Rule 53(e) (2), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides that in an action to be tried without a jury the court shall accept the master's findings of fact unless they are clearly erroneous. This rule follows the earlier ruling of the Supreme Court in Davis v. Schwartz, 155 U.S. 631, 15 S.Ct. 237, 39 L.Ed. 289. This court has followed the rule in Scavenger Service Corporation v. Courtney, 7 Cir., 85 F.2d 825; In re Mendota Bldg. Corp., 7 Cir., 92 F.2d 644; and Santa Cruz Oil Corporation v. Allbright-Nell Co., 7 Cir., 115 F.2d 604. Under this rule the court cannot reject the master's findings of fact unless they are clearly erroneous. We think they were not clearly erroneous in this case. They were not only supported by substantial evidence, but a reading of the evidence convinces us that they were supported by a preponderance thereof."

■ This leaves for consideration the question whether the trial court erred in making allowance to the appellee on the basis of quantum meruit.

Under the findings of the auditor it appears that no profits accrued in the completion of the construction contract to a proportionate share of which appellee would have been entitled under the separate contract between him and the appellant. Hence testimony was introduced as to the value of appellee's services pursuant to the prayer in his bill of complaint for general relief. Rule 54(c) provides that:

"Every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings."

■ We find nothing in Karrick, v. Wetmore, 25 App.D.C. 415, to sustain appellant's contention that Rule 54(c) is unconstitutional. We believe the rule of law applicable to the facts here presented to be well stated in Harrison v. Clarke, 78 N.J.L. 236, 73 A. 43, following Derby v. Johnson, 21 Vt. 17, as follows:

"Where a defendant has prevented the performance of a contract by his fault, * * * the amount of recovery must be regulated by the contract price, although circumstances may exist which make it impracticable to ascertain what sum would be

due at the contract price, as in case the work done was in such an unfinished state as to be incapable of measurement, in which event the recovery may be without reference to the contract rate, as upon a quantum meruit."

See also United States v. Behan, 110 U. S. 338, 4 S.Ct. 81, 84, 28 L.Ed. 168, wherein the Court, addressing itself to the equities in a similar factual situation, said:

"It does not lie, however, in the mouth of the party, who has * * * wrongfully put an end to the contract, to say that the party injured has not been damaged at least to the amount of what he has been induced fairly and in good faith to lay out and expend (including his own services) * * *."

The judgment of the trial court is affirmed.