## HELBUSH v. HELBUSH.

District Court, S. D. California, Central Division.

Jan. 27, 1931.

Harry I. Stafford, of San Francisco, Cal., and George Clark, of Los Angeles, Cal., for plaintiff.

Sullivan, Roche, Johnson & Barry, of San Francisco, Cal. (Hiram W. Johnson, of San Francisco, Cal., of counsel), for defendant.

COSGRAVE, District Judge.

Plaintiff brings this bill in equity in which she charges that on June 27, 1924, she obtained an interlocutory decree of divorce against defendant, then her husband, in the superior court of the state of California, in and for the city and county of San Francisco; that in August, 1924, she condoned the offense of the defendant on which the divorce had been obtained, and the parties again began living together; that this continued until January 3, 1929, when defendant deserted her; that on April 10, 1929, defendant sought and obtained the entry in the trial court of a final decree of divorce without any notice to her of any kind and without her consent;

that she moved in the trial court to set aside the final decree on the ground that no notice had been given her of defendant's intention to have the same entered; that the offense of defendant, on which the interlocutory decree was based, had been condoned, and the court was without jurisdiction to enter the decree; that the trial court on May 7, 1929, after a hearing, denied her motion, and she then prosecuted an appeal to the Supreme Court of California from the ruling of the trial court, and the Supreme Court on July 15, 1930, affirmed the ruling of the trial court. Helbush v. Helbush, 209 Cal. 758, 290 P. 18.

She further charges that defendant is possessed of a large amount of property in which she is entitled to a community interest, and asks this court to intervene in her behalf on the ground that through the action thus taken against her she has suffered a deprivation of property rights without due process of law in violation of the right guaranteed her by the Fourteenth Amendment of the United States Constitution. Diversity of citizenship is not alleged.

Plaintiff prays that the final decree and section 132 of the California Civil Code to the extent it sustains the same be adjudged in violation of the due process of law clause of the United States Constitution and the decree be set aside.

Plaintiff files her bill, not on the theory that she has not had her day in court, but because the court improperly denied her relief. I am not aware of any precedent for such a proceeding. A final judgment has been entered in the state court. There is no exception to the rule, except in a class of cases in which this is not included, that where a court, having jurisdiction of the parties and the subject-matter, enters a final judgment, it settles once and for all the questions raised or that might have been raised in the action. A final judgment has been entered in this case in the state court which it is beyond the power of any other court to disturb.

Without passing upon the question whether the plaintiff, having prosecuted her action for relief to a final judgment in the state court, has not been accorded due process of law, it is plain that this court has no jurisdiction of such an action. If plaintiff was denied the due process of law guaranteed by the United States Constitution by the entry of a final decree of divorce without notice to her under the provisions of section 124 of the California Civil Code, then, such question having been presented to the California Su-

preme Court, relief can only be afforded her by the United States Supreme Court. U. S. Judicial Code § 237 (28 USCA § 344); Rooker v. Fidelity Trust Co., 263 U. S. 413, 44 S. Ct. 149, 68 L. Ed. 362.

The plaintiff's bill must therefore be dismissed without leave to file an amended bill. It is so ordered.