No. 14,098.

ALLAN ET AL. *v.* GADBOIS·ET AL.

(66 P. [2d] 331)

Decided March 8, 1937. Rehearing denied March 29, 1937.

Mr. FRANK C. WEST, for plaintiffs in error.

Mr. O. A. JOHNSON, Mr. J. H. RICHARD, Mr. BYRON G. ROGERS, Attorney General, Mr. LOUIS SCHIFF, Assistant, for defendants in error.

*In Department.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

THIS is a Workmen's Compensation case, and we refer to plaintiffs in error as plaintiffs, and the defendants in error as claimant and the commission, respectively.

Claimant suffered a conceded compensable injury March 5, 1932, serious in nature, consisting of multiple fractures of the pelvis and accompanying injuries in that region. Claim was made for compensation, liability was admitted, and on evidence presented before a referee of the commission on two hearings, an award was entered June 1, 1933, based on the finding that temporary total disability ended January 1, 1933, and permanent disability of five per cent as a working unit existed. This award was accepted and the compensation awarded thereon paid in full. On claimant's petition for review, filed August 13, 1934, further proceedings were ordered, resulting in four hearings, the last on November 2, 1934, following which the commission, December 5, 1934, found that claimant had failed to show error, mistake or change of condition; that his disability was no greater than originally found, and award was entered accordingly. This award was made final December 14, 1934, after petition for review was denied. Nearly a year later, November 18, 1935, on claimants' petition, the commission ordered a further hearing to determine if there was error, mistake or change in condition. Three hearings followed, and May 13, 1936, the commission again entered a supplemental award, finding claimant had not established any change in condition, error or mistake.

Thus the commission had, for four years, consistently concluded that claimant had failed to establish any error, mistake or change in condition; however, on his petition for rehearing, filed June 11, 1936, and without a hearing or evidence, the commission, August 14, 1936, entered an award, parts of which are as follows:

"The Commission now finds from the evidence that on prior reviews, it improperly weighed the evidence herein and that its order of May 13th, 1936, was in error and should be vacated, set aside and held for naught.

"The Commission now finds that as a result of said injury, claimant is disabled by reason of a psycho neurosis together with genito-urinary complications to the

extent of 40% as a working unit. Claimant's age is 43 years. His expectation of life is 35.99 years.''

On this award additional compensation was ordered for permanent partial disability in the sum of $3,640. In an action duly instituted in the district court, this award was affirmed, and the judgment of affirmance is here presented for review.

While specific errors relating to the insufficiency of the evidence to support the findings are assigned, we prefer to consider and determine the case upon the assignment that the court erred in failing to hold that the findings made by the commission do not support the award.

■ In Workmen's Compensation cases the sufficiency of a finding must appear upon its face, and, as we have often held, reasons for findings are mandatory. *Sherratt v. Fuel Co.*, 94 Colo. 269, 30 P. (2d) 270; *Rocky Mt. Fuel Co. v. Canivez*, 96 Colo. 198, 40 P. (2d) 618; *Rocky Mt. Co. v. Sherratt*, 96 Colo. 463, 45 P. (2d) 643. In the latter case, we said that the statement, ''that reasons for findings are mandatory * * * applies to errors as well as changed conditions,'' and added that '' 'mere change of mind' with no statement of sufficient reasons therefor, is no compliance with the law.''

■ The finding above quoted, of which complaint now is made, ''that on prior reviews, it improperly weighed the evidence, * * *'' would be a sufficient statement of a conclusion upon which to grant a rehearing, and on such rehearing—if the same conclusion persisted—to change the award, there being a sufficient statement of reasons for the change, but to enter the award above set out upon the simple statement that the evidence had been improperly weighed on prior reviews, and to do so without additional hearing, or evidence, and this upon the heels of consistent contrary findings, establishes with crystal clearness that the prohibited ''change of mind'' without stated reasons, occurred. To approve such procedure would permit alternating changes of

awards with high frequency and without end, during the life or existence of the parties to the controversy. Litigation must reach its terminus. We therefore reiterate with confirming approval, what we announced on this subject in the cases above cited, and express the hope that future restatements will not be necessary.

The judgment is reversed and the cause remanded with directions to the district court to send the case back to the commission for such proceedings as may follow in the light of this opinion.

MR. CHIEF JUSTICE BURKE and MR. JUSTICE KNOUS concur.