BAKER DRIVEAWAY CO., Inc., et al. v. HAMILTON, Secretary of Revenue of Commonwealth of Pennsylvania et al.

No. 208.

District Court, M. D. Pennsylvania.

Oct. 16, 1939.

694

Matheson, Dixon & Brady, of Detroit, Mich., and McNees, Hollinger & Nurick, of Harrisburg, Pa., for plaintiffs.

Claude T. Reno, Atty. Gen., of Pennsylvania, and George W. Keitel, Asst. Atty. Gen., of Pennsylvania, for defendants.

Before BIDDLE, Circuit Judge, and JOHNSON and WATSON, District Judges.

JOHNSON, District Judge.

This is an application for an interlocutory injunction to enjoin the defendants from enforcing Section 1033(c) of the Act of the Pennsylvania Legislature of 1937, P.L. 2329, as amended June 27, 1939, Act No. 400, 75 P.S. § 642(c), on the ground that this legislation violates the Constitution of the United States. The acts in question prohibit the operation on the highways of Pennsylvania of vehicles carrying an automobile over the cab of the carrier vehicle.

The plaintiffs allege that they operate 756 vehicles of the prohibited type, valued at $1,066,235.90, and that this operation is entirely interstate. It is further alleged that the enforcement of the act will violate the Federal Constitution by depriving plaintiffs of their property without due process of law, that the act is not a proper exercise of the police power of the state, and that the state has no jurisdiction to legislate on the interstate phase of the subject covered by the act because the Federal Motor Carrier Act of 1935, 49 U.S.C.A. §§ 301–327, and action taken thereunder by the Interstate Commerce Commission have superseded any state authority on this subject. They further allege that the act places unreasonable burdens on interstate commerce, that it impairs the obligations of contracts between the plaintiffs and the state, and that its provisions constitute an illegal classification.

The application was heard by a three judge court on July 28, 1939, in accordance with Section 266 of the Judicial Code, 28 U.S.C.A. § 380. At this hearing, the defendants moved to dismiss the application for injunction and the complaint, and this motion was granted by a unanimous court. The reasons for the court's action follow.

Judicial notice is taken of the fact that on July 3, 1939, the Supreme Court of Pennsylvania, in an opinion by Mr. Justice Barnes, Maurer v. Boardman, 7 A.2d 466, upheld the constitutionality of the legislation in question. The same issues were raised in the state court, and substantially the same parties were involved, as in the present action. Thus, all of the questions raised by the complaint in the present case have been decided by a court of competent jurisdiction, and consequently this court will not intervene, the matter being res adjudicata.

The plaintiffs contend that the matter is not res adjudicata because the Supreme Court of Pennsylvania did not have before it the amendment of 1939, and the reopened proceedings before the Interstate Commerce Commission, ex parte No. Mc. 4. There is no merit in this contention. An examination of the opinion of the Supreme Court of Pennsylvania shows that both the amendment of 1939 and the report of the Interstate Commerce Commission were carefully considered at pages 19 to 21 of the opinion.

Plaintiff's remedy lies in an appeal to the Supreme Court of the United States, as provided in Section 237 of the Judicial Code, 28 U.S.C.A. § 344. The present action is equivalent to an appeal from the Supreme Court of Pennsylvania to this court. The district courts of the United States are not vested with appellate jurisdiction over the Supreme Court of Pennsylvania, and consequently this court cannot review or modify the judgment of the Supreme Court of Pennsylvania in the present case, that court having had jurisdiction over the parties and the subject matter. Hentschel v. Fidelity & Deposit Co. of Maryland, 8 Cir., 87 F.2d 833; Davega-City Radio, Inc., v. Boland et al., D.C., 23 F.Supp. 969; Moffett et al. v. Robbins, 10 Cir., 81 F.2d 431, certiorari denied, 298 U.S. 675, 56 S.Ct. 940, 80 L.Ed. 1397.