## CHIRILLO et al. v. LEHMAN, Governor, et al.

District Court, S. D. New York.
Dec. 21, 1940.

Morris Shapiro, of New York City (Harry Katz, of New York City, on the brief), for plaintiffs.

John J. Bennett, Jr., Atty. Gen. (Henry Epstein, Sol. Gen., and John F. X. Mc-Gohey, Nathaniel Fensterstock, and Clarence M. Maloney, Asst. Attys. Gen., of counsel), for defendants Lehman and Bennett.

William A. Davidson, Co. Atty., of Port Chester, N. Y., for defendants Casey and Taylor.

Osmond K. Fraenkel, of New York City, amicus curiae for American Civil Liberties Union.

Elliott L. Biskind, Herbert D. David, and Louis Eisenstein, all of New York City, amicus curiae for New York City Chapter of National Lawyers Guild.

Before SWAN, Circuit Judge, and HULBERT and MANDELBAUM, District Judges.

SWAN, Circuit Judge.

This is a suit in equity to restrain, on constitutional grounds, enforcement against the plaintiffs of section 71 of the Public Welfare Law of the state of New York, Consol.Laws, c. 42. This section, which is printed in the margin,[1] provides for the compulsory removal of any person who is cared for at the expense of any public welfare district if he "belongs to" another state and if, in the judgment of the state department of social welfare, his removal to such state will promote his welfare and the interests of the state of New York. The plaintiffs are Mr. and Mrs. Chirillo. Rosario Chirillo, the husband, is a naturalized citizen of the United States, having been naturalized at Wooster, Ohio, in 1926. In January, 1939, he and his family removed from their home in that city to the town of Mamaroneck in Westchester County, New York, with the intention of taking up permanent residence there. By trade Mr. Chirillo is a cobbler, and he attempted to set up a shoe repair business in Mamaroneck. On September 5, 1939, he was obliged to apply for public relief, and during the succeeding four months he received such relief from the commissioner of public welfare of Westchester County, in instalments totaling $116.60. In consequence thereof and pursuant to provisions of section 71 of the Public Welfare Law, proceedings were instituted in December, 1939, by said commissioner which resulted in the issuance of an order by the judge of the County Court of Westchester County directing the sheriff of said county to remove the plaintiffs and their minor children to the city of Wooster, Ohio. The

---

[1] "§ 71. Removal of non-resident and alien poor to other states and countries. When any person who is an inmate of any public home or is otherwise cared for at the expense of the state or of any public welfare district belongs to or has friends willing to support him or to aid in supporting him in any other state or country, the state department of social welfare may cause his removal to such state or country, provided, in the judgment of the state department of social welfare, the interest of the state and the welfare of such person will be thereby promoted. After notification of the proposed removal, if such person shall refuse to be so removed, the com-missioner of the public welfare district wherein such person is being cared for may, with the prior approval of the state department, apply to the county judge of his county for the issuance of an order to the sheriff of the county in which such person is being cared for, or to some other person or persons, to remove the person to the state or country or district therein legally responsible for or willing to support him, and cause his removal thereto. The expense of such removal shall be paid from the state treasury on the warrant of the comptroller pursuant to a verified account submitted by the proper officer of the state department of social welfare."

purpose of the present suit is to prevent the execution of this order. The defendants are George A. Casey, sheriff of the county of Westchester, Ruth Taylor, commissioner of public welfare of the county of Westchester, upon whose application the order of the County Court was obtained, Herbert H. Lehman, Governor of the state, and John J. Bennett, Jr., Attorney General of the state, the two last-named defendants having been brought in because of the requirement of notice to them, as provided in section 266 of the Judicial Code, 28 U.S.C.A. § 380.

On the plaintiffs' application for an interlocutory injunction Judge Mandelbaum, to whom the application was made, issued a temporary stay and convened a three-judge court pursuant to said section 266. The case is before us on complaint, answer, and supporting and opposing affidavits. There is no dispute in the facts. In addition to those already stated, it appears that the plaintiffs appeared and answered in the County Court proceedings, claiming that the granting of the application would deprive them of their rights under the Constitution of the United States; and that from the order of the County Court they took a direct appeal to the Court of Appeals of the state of New York, under the provisions of section 588 (3) of the Civil Practice Act, upon the sole issue of the constitutional validity of section 71 of the Public Welfare Law. This appeal was dismissed by the Court of Appeals in July, 1940, without determination by said court of the constitutionality of the statute. Matter of Chirillo, 283 N.Y. 417, 28 N.E.2d 895. A motion by the plaintiffs for a reargument was denied on October 8, 1940. It was then too late for the plaintiffs to obtain a review of the order of the County Court by appealing to the Appellate Division. A motion for leave to reargue the question of construction of section 71 was denied by the judge of the County Court on November 8, 1940. Thereupon the plaintiffs filed their complaint in this court.

The complaint sets out the foregoing facts and alleges that the order of the County Court of Westchester County directing the removal of the plaintiffs and their minor children from the town of Mamaroneck to the city of Wooster is in full force and effect and the plaintiffs are subject to such removal without further notice. It alleges also that the enforcement of this order, which is threatened, will cause the plaintiffs irreparable damage for which they have no adequate relief at law, and it charges that enforcement of said order of removal will violate the due process clause and the equal protection clause of the Fourteenth Amendment, will abridge the privileges and immunities guaranteed to the plaintiffs as citizens of a state (Article IV, section 2) and of the United States (Fourteenth Amendment) and will encroach upon the federal power to regulate interstate commerce (Article I, section 8). It prays that the defendants may be enjoined from enforcing the order of the County Court or from taking any steps in purported compliance with the provisions of section 71 of the Public Welfare Law.

The defendants suggest, although without insistence, that this court lacks jurisdiction. Apparently the suggestion is that the plaintiffs did not exhaust the remedies available to them in the state courts, because their mistake in taking a direct appeal to the Court of Appeals has prevented any appellate review of the constitutionality of section 71. Whether the adoption in good faith of an improper mode of seeking appellate review should be deemed such a failure to exhaust state remedies as to preclude resort to a federal District Court we need not decide. The limitation upon our jurisdiction, imposed by the Johnson Act, 28 U.S.C.A. § 41(1), when an injunction is sought against an order of an administrative board or commission of a state, is inapplicable to the case at bar. The order of the County Court is not of that character. We are satisfied that this court has jurisdiction.

We are likewise satisfied that the plaintiffs can obtain no relief in this court. Their complaint discloses on its face that the same constitutional objections which they now urge against the validity of the state statute were presented in the County Court proceedings and were decided adversely to them. The principle is established beyond contradiction that a judgment of a state court may not be reviewed by a bill in equity in a federal court. Ritholz v. North Carolina State Board, D.C. M.D.N.C., 18 F.Supp. 409, 413; Davega-City Radio v. Boland, D.C.S.D.N.Y., 23 F.Supp. 969, 970; Baker Driveaway Co. v. Hamilton, D.C.M.D.Pa., 29 F.Supp. 693, 694. Dismissal of the plaintiffs' appeal from the order of the County Court left that order a final and binding adjudication

between the parties. See American Surety Co. v. Baldwin, 287 U.S. 156, 169, 53 S.Ct. 98, 77 L.Ed. 231, 86 A.L.R. 298; Ackerman v. Iasillo, Sup.Ct.App.T., 171 N.Y.S. 79, 82. It is not for us to express an opinion as to the correctness of the decision of the County Court on the issue of the constitutionality of the statute. As the authorities above cited show that decision stands as res judicata and bars the remedy the plaintiffs seek in this court. It follows that their motion for an interlocutory injunction must be denied and the complaint dismissed. It is so ordered. Findings of fact and conclusions of law in conformity with this opinion are filed herewith.