## No. 14,740.

SNELL ET AL., AS PIKES PEAK AUTO LIVERY *v.* PUBLIC
UTILITIES COMMISSION ET AL.
(114 P. [2d] 563)

Decided June 2, 1941.   Rehearing denied June 23, 1941.

Mr. BYRON G. ROGERS, Attorney General, Mr. JAMES J. PATTERSON, Assistant, Mr. GAIL L. IRELAND, Attorney General, Mr. E. B. EVANS, Assistant, Messrs. HODGES, VIDAL & GOREE, Mr. JOSEPH G. HODGES, for defendants in error.

*En Banc.*

MR. JUSTICE KNOUS delivered the opinion of the court.

HEREIN reference will be made to plaintiffs in error as plaintiffs; to defendants in error Public Utilities Commission of the State of Colorado and the individual members thereof, as the commission, and to the other

defendants in error, as interveners. Plaintiffs here assert that the district court erred in sustaining the joint motion of the commission and interveners to quash a writ of review previously issued ex parte by that court directed to a decision of the commission, upon the grounds that plaintiffs' petition therefor failed to state facts sufficient to constitute a cause of action against the commission or to justify a review of the decision in question. Historically, the petition alleged that theretofore plaintiffs had applied to the commission for a certificate of public convenience and necessity to operate as a "motor vehicle carrier" (common carrier) (See, section 300, chapter 16, '35 C.S.A.), for the transportation of passengers for hire in sightseeing service from Colorado Springs, Cascade, Manitou and Green Mountain Falls to Stead's Ranch located near Estes Park. Hearing was had on the application at which time interveners, who were competing certificate holders in a portion of the territory involved, appeared and protested the granting of a certificate to plaintiffs. In due course by Decision No. 13287, dated March 28, 1939, effective twenty days thereafter, the commission granted plaintiffs a certificate as requested with no limitations as to the number of cars to be used by them. Interveners filed their petition for a rehearing in time to suspend the effective date of the decision. Section 51, chapter 137, '35 C.S.A. Thereafter the commission heard oral arguments on the question of interveners' right to have such a rehearing and by Decision No. 13754, dated July 12, 1939, denied the petition for a rehearing, but at the same time and by the same order purported to amend and modify the previous decision (No. 13287.) by restricting plaintiffs to the operation of but two cars and imposing other and different conditions as to rates and service than those set out in the original order. Plaintiffs thereupon applied for a rehearing on the last order and decision (No. 13754) and following the denial of such by the commission, filed their petition for a writ

of review in the district court of El Paso county as permitted by section 52, chapter 137, '35 C.S.A. See, *Greeley Transportation Co. v. People,* 79 Colo. 307, 245 Pac. 720, as disclosing the basis of the jurisdiction of the district court thereunder.

As to the scope of judicial inquiry in such a proceeding, section 52, supra, stipulates: "The review shall not extend further than to determine whether the commission has regularly pursued its authority, including a determination of whether the order or decision under review violates any right of the petitioner under the Constitution of the United States or of the State of Colorado, and whether the order of the commission is just and reasonable and whether its conclusions are in accordance with the evidence."

█ Upon the basis of the factual background hereinabove detailed, plaintiffs' petition for the writ of review alleged that in entering the second order the commission had not regularly pursued its authority, but on the contrary had acted illegally and unreasonably to the prejudice of plaintiffs in the following particulars: (1) That as a matter of law under section 51, chapter 137, '35 C.S.A., in disposing of the application for rehearing directed to the first decision the commission was without power to contemporaneously modify or amend that decision as it attempted; (2) that such ventured alteration and amendment of the first decision by the second, without notice or hearing, was in contravention of section 49, chapter 137, '35 C.S.A., which provides, inter alia: "The commission may at any time upon notice to the public utility affected, and after opportunity to be heard as provided in the case of complaints, rescind, alter or amend any order or decision made by it."; (3) that the commission acted in excess of its statutory power in limiting the number of vehicles plaintiffs might operate and that this restriction, as well as the other additional limitations imposed by the second order, were not based upon any evidence whatsoever. Before the

record of the commission was certified the questioned motion to quash the writ was interposed and sustained by the district court. Thus the record here contains nothing beyond the pleadings in the district court and since the motion to quash the writ challenged the sufficiency of the petition, in considering the propriety of the action of the trial court in sustaining such motion, we must accept the factual allegations of the petition as being uncontroverted.

Section 51, supra, governing the procedure before the commission on the application for rehearings, as here pertinent, provides: "After any order or decision has been made by the commission, any party to the action * * * may apply for a rehearing in respect to any matters determined in said section or proceeding and specified in the application for rehearing, and the commission may grant and hold such rehearing on said matters, if in its judgment sufficient reason therefor be made to appear. * * * Any application for a rehearing made ten days or more before the effective date of the order as to which a rehearing is sought, shall be either granted or denied before such effective date, or the order shall stand suspended until such application is granted or denied. * * * If after such rehearing a consideration of all the facts, including those arising since the making of the order or decision, the commission shall be of the opinion that the original order or decision or any part thereof is in any respect unjust or unwarranted, or should be changed, the commission may abrogate, change or modify the same." It seems clear from the wording of the statute that in passing upon an *application* for rehearing the permissible affirmative action of the commission does not go further than to grant or deny the application. If the rehearing is denied the order or decision to which the application was addressed becomes final. If the application therefor is granted the *rehearing,* as such, in reality must be had, and the original order or decision is not to be abrogated, changed

or modified until *after* such *rehearing* and as a result thereof. It is elementary that a public utility commission derives its authority wholly from constitutional or statutory provisions, and possesses only such powers as are thereby conferred. 51 C.J., pp. 36, 37, §78. Thus it is certain, under the facts alleged here, that the commission was without authority to amend or modify the original order, as was essayed, as a part of its action in passing upon the *application* for the rehearing sought. See, *Allen v. Gadbois,* 100 Colo. 141, 66 P. (2d) 331, a workmen's compensation case, wherein in a situation somewhat analagous, we held that while a "change of mind" as to the weight of the evidence by the Industrial Commission presented a valid basis for granting a rehearing, such would not justify the modification of an award without a further hearing or evidence. It is equally obvious that if the attempted amendment of the first order is considered as being distinct and separate from the denial of the rehearing, the questioned action of the commission still cannot be justified, because, by section 49, supra, relating to the rescission, alteration or amendment of orders of the commission, such is required to be done "upon notice to the public utility affected, and after opportunity to be heard." Since the petition alleged facts disclosing deviation by the commission from the regular pursuit of its authority in the foregoing respects, which, if true in fact, legally precluded the second order from having the original effect therein proclaimed, the motion to quash the writ should not have been sustained. Further, if the facts are as alleged, the questioned order did not effectively dispose of the application for rehearing, since it must be considered that the recitals therein to the effect that such application for rehearing was denied, were conditioned on the commission's erroneous belief that its attempted modifications of the original writ would stand.

Notwithstanding the prayer of plaintiffs' petition might be construed as limiting the relief sought in the

district court to the elimination of newly added conditional matters from the second decision, a point stressed by the commission and interveners as justifying the action of the trial court, we are satisfied that a reversal of the judgment sustaining the motion to quash must attain. It is well settled that the relief demanded in the prayer of a complaint or petition does not limit the plaintiff in respect to his remedial rights, nor preclude the granting of relief consistent with the facts alleged, when these are established. Code sections 55 and 187, '35 C.S.A., and cases there cited in the annotations.

If upon remand of the cause it should appear from the record of the commission when certified as contemplated by section 52, supra, or otherwise, that the commission acted as alleged in trying to modify the first order in the proceeding upon application for rehearing thereon, the district court would not be called upon to consider whether in law or in fact the limitations attempted thereby might be or properly were imposed by the commission, but should remand the matter to the commission for such proceedings not inconsistent herewith as may properly follow.

If the alleged derelictions are not so established by the record, the district court will proceed to make disposition as the record requires under the ordinary procedure upon review prescribed by statute.

The state of the record here does not warrant us in hypothetically discussing or deciding, as a matter of law, questions relating to the extent of the power of the commission or the proper exercise thereof, in an original proceeding or in one under section 49, supra, to limit the number of vehicles to be used or the rates to be charged by motor vehicle common carriers under section 304, chapter 16, '35 C.S.A., which provides as follows: "The commission shall have power * * * to issue a certificate of public convenience and necessity to a motor vehicle carrier or to issue it for the partial exercise only of the privilege sought; and may attach to the

exercise of the rights granted by said certificate such terms and conditions as, in its judgment, the public convenience and necessity may require."

Likewise, since in the view we have expressed, the allegations of the petition establish the total ineffectuality of the second order, we are not here called upon to pronounce academically whether upon review the courts may treat a decision of the commission as being severable and thus set aside certain parts of the order and affirm others, or whether, upon error appearing in any particular, the decision must be set aside in its entirety.

The judgment is reversed and the cause remanded.

MR. JUSTICE BAKKE, MR. JUSTICE OTTO BOCK and MR. JUSTICE BURKE concur.

MR. CHIEF JUSTICE FRANCIS E. BOUCK does not participate in the decision.

MR. JUSTICE YOUNG and MR. JUSTICE HILLIARD not participating.