Omri E. DANIELS, Jr., Barge Hiskey and Bentley M. McMullin, Appellants,

v.

C. Sewell THOMAS, Appellee.

No. 5050.

United States Court of Appeals
Tenth Circuit.

Aug. 19, 1955.

Rehearing Denied Oct. 3, 1955.

Bentley M. McMullin, Denver, Colo., for appellants.

Joseph G. Hodges, Denver, Colo. (Hodges, Silverstein, Hodges & Harrington, Denver, Colo., were with him on the brief), for appellee.

Before BRATTON, HUXMAN and PICKETT, Circuit Judges.

HUXMAN, Circuit Judge.

The appellants, Omri E. Daniels, Jr., Barge Hiskey and Bentley McMullin, brought this suit in the United States District Court for the District of Colorado under the Declaratory Judgment Act[1] for a declaratory judgment that a certain judgment rendered against them in the District Court of the City and County of Denver in the State of Colorado, dismissing their claim for relief and entering an affirmative judgment against them in the sum of $2,500, was void for lack of due process, and for an injunction against its enforcement. A motion to dismiss, supported by an uncontroverted affidavit, for failure to state a cause of action was filed and granted. This appeal challenges the correctness of that judgment.

A brief review of the state proceedings is essential to an understanding of the question presented. Appellants, Daniels and Hiskey, by their attorney, Appellant McMullin, filed an action in the above named Colorado State court to compel appellee, C. Sewell Thomas, to convey to them with special warranty deed certain lands which he held as trustee. They further sought to recover damages against him for $1,000. In his answer Thomas offered to execute a quitclaim deed to whomever the court determined were the owners of the land. He alleged that appellant McMullin had an interest in the controversy and asked that he be made an involuntary plaintiff. He also asked monetary damages of the plaintiffs because of delay and malicious prosecution and that the judgment for damages be satisfied out of the property. McMullin was joined as an involuntary plaintiff. He appeared pro se and also as attorney for the remaining plaintiffs. While it does not so appear in the record, McMullin's statement in the petition in this case that he filed a disclaimer of interest in the property is not seriously challenged and will, therefore, be taken as a fact. Apparently he did not ask to be dismissed from the action and was continued as an involuntary plaintiff and also continued throughout the trial to represent the two remaining plaintiffs, the other appellants here, as their attorney.

The state trial judge concluded that Thomas was not required to execute a special warranty deed. He further entered a personal judgment against all three plaintiffs for damages in the amount of $2,500. This judgment was appealed to the Supreme Court of Colorado, where it was affirmed per curiam without written opinion.[2] Appellants' petition for certiorari to the United States Supreme Court was denied.[3] Thereafter appellants instituted this action as set out hereinbefore.

In support of their contention that there is presented a federal question of which the trial court had jurisdiction they assert (1) that the state court denied them the right to a trial upon the merits of "substantial meritorious, genuine and material issues of fact" and hence the entry of judgment was beyond the power of the court; (2) that the personal judgment on the counterclaim was entered without due process because Thomas made no claim for personal judgment, only out of the property; (3) that as far as McMullin was concerned he was given no notice that judgment was to be entered against him on the counterclaim and had no opportunity to present a defense or introduce evidence; and (4) that the entry of judgment on the counterclaim was the result wholly of bias and prejudice of the trial judge.

■■ Because of the conclusion we have reached on the basic question controlling the disposition of this case, it

1. 28 U.S.C.A. § 2201 et seq.

2. See 128 Colo. 577, 265 P.2d 702.

3. See 347 U.S. 1017, 74 S.Ct. 867, 98 L. Ed. 1139.

will not be necessary to consider or discuss these contentions separately or in detail. It is a principle as old as our dual state and federal judicial systems that a federal court is without jurisdiction to interfere with a judgment in a state court action in which the state court had jurisdiction of the subject matter and of the parties thereto.[4] It is only when the judgment of a state court is void either because that court lacked jurisdiction of the subject matter or of the parties to the action, or because it entered a judgment which it had no power to enter under the law, that such judgment may be reviewed in a federal court.

It must be conceded that the state trial court had jurisdiction of the subject matter. In fact, we do not understand appellants to contend otherwise. It is also clear to us that that court had jurisdiction of all three appellants. Certainly it had jurisdiction at all times of Daniels and Hiskey. They instituted the action. McMullin was brought into the case as an involuntary plaintiff by process of the court. While he disclaimed any interest in the property, such disclaimer did not dismiss him from the action. He still remained a party thereto subject to the determination of the right of Thomas to recover damages from the plaintiffs.

McMullin complains of the lack of personal notice of the entry of the personal judgment. The record of the proceedings of the trial in the state court action is fragmentary. It cannot be said there-

from whether personal notice was or was not served upon him, but in any event, and assuming without deciding that he was entitled to personal notice, it is immaterial whether he was handed or received a written notice of the entry of the judgment. Notice he must have had both pro se and as attorney for the remaining two appellants because he took a timely appeal from the trial court's judgment to the Supreme Court. This he could not have done in the absence of notice of the entry of the judgment. Whatever the form of notice he had, it enabled him to perfect his appeal and preserved his right to a review of the judgment.

 The further contention is made that Thomas in his counterclaim did not ask for personal judgment, that he asked only that any judgment obtained be satisfied out of the property. We do not construe his counterclaim to mean that he asked no personal judgment. True, he did not use the word "personal" when he asked for judgment against plaintiffs but he did ask for a monetary recovery because of their conduct and asked that the judgment be satisfied out of the property. That was merely the prayer of his counterclaim. It is well settled that the prayer for relief is no part of the cause of action and that the parties are entitled to such relief and to such judgment as the complaint—the counterclaim in this case—makes out.[5] But, assuming without de-

---

4. Rooker v. Fidelity Trust Co., 1923, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362; American Surety Co. v. Baldwin, 1932, 287 U.S. 156, 53 S.Ct. 98, 77 L.Ed. 231; Grubb v. Public Utilities Comm., 1930, 281 U.S. 470, 50 S.Ct. 374, 74 L.Ed. 972; Parnacher v. Mount, 10 Cir., 1953, 207 F.2d 788, certiorari denied, 1954, 347 U.S. 917, 74 S.Ct. 515, 98 L.Ed. 1073; Hurley v. Lindsay, 4 Cir., 1953, 207 F.2d 410; Spencer v. Gypsy Oil Co., 10 Cir., 1944, 142 F.2d 935, certiorari denied, 1945, 323 U.S. 798, 65 S.Ct. 439, 89 L.Ed. 636; Noland v. Noland, 9 Cir., 111 F.2d 322, certiorari denied 1940, 311 U.S. 670, 61 S.Ct. 30, 85 L.Ed. 430; Williams v. Tooke, 5 Cir., 108 F.2d 758, certiorari denied, 1940, 311 U.S. 655, 61 S.Ct. 8, 85 L.Ed. 419; Hendron v. Yount-Lee Oil Co., 5 Cir., 108 F.2d 759, cer-

tiorari denied, 1940, 311 U.S. 664, 61 S.Ct. 21, 85 L.Ed. 426; Borland v. Johnson, 9 Cir., 88 F.2d 376, certiorari denied, 1937, 302 U.S. 704, 58 S.Ct. 24, 82 L. Ed. 544; Daniel B. Frazier Co. v. Long Beach Township, 3 Cir., 1935, 77 F.2d 764; Fryberger v. Parker, 8 Cir., 1928, 28 F.2d 493; Lake v. Central Sav. Bank, 9 Cir., 1928, 27 F.2d 847, certiorari denied, 1929, 279 U.S. 836, 49 S.Ct. 251, 73 L.Ed. 984; Helbush v. Helbush, D.C. S.D.Cal.1931, 53 F.2d 704; Application of Heller, D.C.M.D.Pa.1941, 39 F.Supp. 310; Chirillo v. Lehman, D.C.S.D.N.Y. 1940, 38 F.Supp. 65, affirmed per curiam, 1941, 312 U.S. 662, 61 S.Ct. 741, 85 L. Ed. 1108.

5. Colo.R.Civ.P. rule 54(c); Snell v. Public Utilities Comm., 1941, 108 Colo. 162,

ciding, that the court should not have entered a personal judgment, that again was an error and does not make its judgment a nullity.

■ It is our conclusion that the state court had jurisdiction of the subject matter and of the parties to this appeal and that its judgment was not void. At most, and in any event, it only could have been erroneous. The final judgment of the state court is, therefore, res judicata and the federal trial court was, therefore, without jurisdiction to entertain the action.

In Grubb v. Public Utilities Comm., 1930, 281 U.S. 470, 50 S.Ct. 374, 74 L.Ed. 972, is found a good statement of the applicable law. The Supreme Court there held that a state judgment was res judicata as to all issues presented and decided or which could have been presented and decided. The court held that as to any ground available but not put forward an appellant must abide by the rule "that a judgment upon the merits in one suit is *res judicata* in another where the parties and subject-matter are the same, not only as respects matters actually presented to sustain or defeat the right asserted, but also as respects any other available matter which might have been presented to that end." 281 U.S. at page 479, 50 S.Ct. at page 378. There is a great array of authority to the same effect.[6]

Again, assuming without deciding, that the trial in the state court gave rise to a federal issue of due process, it is an issue which could have been tendered in the state trial court and, on appeal, to the state supreme court. The record is not clear whether such issue was in fact presented in the state court action, but in any event under the decision of the Grubb case and kindred cases, that issue is now res judicata and appellants were precluded from having that issue litigated in this case.

Because the state court had jurisdiction both of the subject matter and the parties, who were the same as the parties herein, and because it undertook to dispose of the case upon its merits, its judgment was not void. When it became final, it became res judicata, and the trial court in this case was without jurisdiction to review the same.

Affirmed.

114 P.2d 563, 566; See Michael Del Balso, Inc., v. Carozza, 1943, 78 U.S.App. D.C. 56, 136 F.2d 280; see 49 C.J.S., Judgments, § 49, pp. 112–113.

6. E. g., Chicot County Drainage District v. Baxter State Bank, 1940, 308 U.S. 371, 60 S.Ct. 317, 84 L.Ed. 329; Cromwell v. County of Sac. 1876, 94 U.S. 351, 24 L.Ed. 195; United States v. California & Oregon Land Co., 1904, 192 U.S. 355, 24 S.Ct. 266, 48 L.Ed. 476; Baltimore Steamship Co. v. Phillips, 1927, 274 U.S. 316, 47 S.Ct. 600, 71 L. Ed. 1069.