Gladys Iola **HOWARD**, also known as Gladys Harp Howard, Timothy Gordon Howard, a Minor by his Next Friend Gladys Iola Howard, and **H**. Gordon Howard, Appellants,

v.

The **FIRST NATIONAL BANK OF DEN-VER, INC.**, a Colorado Banking Corporation, Appellee.

No. 8286.

United States Court of Appeals
Tenth Circuit.

Dec. 23, 1965.

Rehearing Denied Jan. 28, 1966.

H. Gordon Howard, appellant, pro se.

Gladys Iola Howard and Timothy Gordon Howard, appellants, submitted on brief, pro se.

Raymond B. Danks, Denver, Colo. (Hughes & Dorsey, Denver, Colo., were with him on the brief), for appellee.

Before MURRAH, Chief Judge, and BREITENSTEIN and SETH, Circuit Judges.

BREITENSTEIN, Circuit Judge.

The appellants-plaintiffs, appearing pro se, brought this suit to have a Colorado state court judgment "impeached, set aside, and declared to be an absolute nullity." That judgment was obtained in an action brought by Mary Steinhart against appellant H. Gordon Howard to compel the reconveyance of real estate allegedly obtained by fraud. After the state court trial Mary Steinhart died and the International Trust Company, executor of her estate, was substituted for her. Judgment against H. Gordon Howard was affirmed by the Colorado Supreme Court [1] and the United States Supreme Court denied certiorari.[2] Thereafter International Trust Company merged with appellee First National Bank of Denver and First National became the executor of the Steinhart estate. On December 19, 1961, the First National was discharged as executor.[3] On the motion of the First National the district court dismissed the action and this appeal followed.

The theory of the appellants is that the Colorado judgment is void because of the nonjoinder of Gladys and Timothy Howard. The land in dispute is located in Illinois and was conveyed by Steinhart to H. Gordon Howard who allegedly put it in trust for the benefit of his wife Gladys and his son Timothy. The nonjoinder of the trust beneficiaries was noted by the Colorado Supreme Court which pointed out that the action sought only in personam relief against H. Gordon Howard and could not determine the rights of the trust beneficiaries.[4]

■ The Colorado court had jurisdiction over the personal action against H. Gordon Howard. The nonjoinder of the trust beneficiaries does not void the judgment. The issues determined by it are res judicata so far as H. Gordon Howard and the First National are concerned, and the judgment is not subject to review in federal court.[5]

■ The trust beneficiaries now assert against the First National claims which they did not present in the state action because they were not parties thereto and did not intervene therein. In our opinion they may not maintain such claims. The entire interest of the First National in the property came from its executorship of the Steinhart estate. It was discharged as such executor more than three years before the pending suit was brought. Nothing in the complaint or brief of the appellants suggests that the First National has any present interest in the land or that it represents any one in regard thereto. The fact that the First National was a party to litigation, the outcome of which displeases the trust beneficiaries, does not give them any cause of action against it.

Affirmed.

1. Howard v. International Trust Company, 139 Colo. 314, 338 P.2d 689. The pertinent facts are stated in that opinion and need not be repeated here.

2. 361 U.S. 916, 80 S.Ct. 258, 4 L.Ed.2d 184.

3. This was established by an affidavit which was submitted in support of the motion to dismiss and which is not contested.

4. 338 P.2d 689, 693–694. The Colorado Supreme Court also commented that H. Gordon Howard in his answer had sought rescission of the transaction on the ground of fraud and return of consideration without mentioning the interest of any other person; that the request for joinder was not made until day of trial; and that: "It may be noted in passing that if the plaintiff's [Steinhart's] interest in the Illinois farm was a life estate only, as appears to be the case, then whatever interest the defendant [H. Gordon Howard] acquired by the deed in controversy, or which was transmitted to the beneficiaries by his declaration of trust, terminated upon the death of the plaintiff."

5. See Daniels v. Thomas, 10 Cir., 225 F. 2d 795, 798, certiorari denied 350 U.S. 932, 76 S.Ct. 303, 100 L.Ed.2d 815.