**Ralph EISNACH, Petitioner,**

**v.**

**The INDUSTRIAL COMMISSION OF the STATE OF COLORADO, Harvey L. Rubenstein, Richard J. Weiss, Paul H. Leibowitz, and Mike L. Baca, individually and as members of the Industrial Commission of the State of Colorado, Peter Kiewit Sons Construction, and Batjer-Wetzel Company, Respondents.**

No. 80CA0612.

Colorado Court of Appeals, Div. II.

May 7, 1981.

Rehearing Denied June 4, 1981.

Certiorari Denied Sept. 8, 1981.

Feder, Morris & Tamblyn, P. C., Harold A. Feder, Denver, for petitioner.

J. D. MacFarlane, Atty. Gen., William Levis, Asst. Atty. Gen., Denver, for Respondent Industrial Commission of Colorado.

Watson, Nathan & Bremer, P. C., Peter Watson, Denver, for respondents Peter Kiewit Sons Construction and Batjer-Wetzel Co.

KIRSHBAUM, Judge.

Claimant, Ralph Eisnach, seeks review of a final order of the Industrial Commission which denied him an award of permanent disability benefits. He contends that pursuant to § 8–53–106(1), C.R.S.1973, a referee may not reverse his initial finding and order without a further evidentiary hearing, and that there was insufficient evidence to sustain the Commission's findings. We disagree and affirm.

Claimant worked as a heavy equipment mechanic and welder for 36 years. He had been employed by Peter Kiewit Sons Construction for one week when on January 24, 1978, he became ill as a result of inhaling welding and asphalt fumes. It is undisputed that claimant suffered from chronic obstructive pulmonary disease at the time and that he was permanently and totally disabled after that date. Claimant testified that prior to this incident he worked full time, but that subsequent thereto he was unable to continue working. He claimed compensation for an aggravation of a preexisting condition resulting from a work-related accidental injury and, alternatively, for occupational disease disability.

Extensive and conflicting expert testimony was presented at the evidentiary hearing on claimant's medical condition and his work environment. The referee's initial decision awarded claimant benefits for permanent total disability based on a finding of an industrial injury which aggravated a preexisting condition. The employer petitioned for review.

Without a further hearing, the referee issued a supplemental order denying any claim for permanent disability, finding that the January 24, 1978, incident caused only a temporary aggravation of a preexisting condition, and concluding that insofar as any cause could be determined, claimant's permanent disability was related primarily to his history of cigarette smoking. Temporary disability was awarded to the time that claimant's medical tests showed claimant's condition to be "as good or better" than it was prior to the instant trauma. The Commission affirmed the referee's supplemental order.

Section 8–53–106(1), C.R.S.1973, provides in pertinent part:

"Any party in interest who is dissatisfied with the award entered by the referee or director may file a petition with the referee or director to review such award. Upon the filing of such petition, the referee or director may reopen the case, holding such further hearings and receiving such further evidence as he may deem necessary, following such further proceedings with a supplemental order; or amend or modify said prior order by a supplemental order; or refer the entire case to the commission."

Where the meaning of a statutory provision is clear and no absurdity is involved, the language is not subject to construction. See *American Metal Climax, Inc. v. Claimant in re Death of Butler,* 188 Colo. 116, 532 P.2d 951 (1975); *Ritter v. Industrial Commission,* Colo.App., 615 P.2d 40 (1980). We agree with the Commission that this statute permits a referee to modify or amend an initial order upon consideration of a petition for review of that order without holding additional hearings. Thus, the referee here was in compliance with the applicable statutory procedures.

Claimant relies upon *Allan v. Gadbois,* 100 Colo. 141, 66 P.2d 331 (1937), for his

argument. However, *Allan* involved a petition to *reopen*, based on alleged error, mistake, or change in condition after a final order of the Commission had been entered. *See* § 8–53–119, C.R.S.1973 (1980 Cum. Supp.). In such circumstances, new evidence was necessary to alter the prior decision. Here, the order had not yet become final, and adoption of claimant's argument would render ineffective the procedures on requesting the referee to alter his initial order before it becomes final.

In contending that the evidence was insufficient to sustain the Commission's findings, claimant argues that the Commission ignored evidence which entitled him to compensation for either aggravation of a preexisting condition from accidental injury or for occupational disease. We disagree.

▇ The burden was on the claimant to establish his right to compensation benefits, and whether he sustained his burden was a factual question for the Commission to determine. *Wierman v. Tunnell*, 108 Colo. 544, 120 P.2d 638 (1941); *Matthews v. Industrial Commission*, (No. 79CA0975, Nov. 13, 1980). Here, the Commission concluded that claimant had not sustained his burden of establishing a causal relationship between his permanent disability and the accidental injury. It is the Commission's prerogative to determine the probative effect of conflicting testimony, to weigh the evidence, and to draw all reasonable inferences therefrom, and findings based on conflicting evidence are conclusive on review. *Crandall v. Watson-Wilson Transportation System, Inc.*, 171 Colo. 329, 467 P.2d 48 (1970). While claimant did present evidence to the contrary, the record contains expert testimony to the effect that claimant's condition was no worse approximately one month after the injury than it had been two years earlier, and that any aggravation he suffered from the January 24 accident was only temporary, not permanent.

Moreover, contrary to claimant's contention, the Commission's findings were fully supported by testimony of the examining physician, elicited in part on cross-examination, and do not reflect "inordinate" reliance on medical records. In any event, § 8–53–103(2), C.R.S.1973, provides for consideration of such reports "in addition to sworn testimony."

▇ To prevail on a claim for occupational disease disability benefits claimant was required to show, *inter alia*, a causal relationship between the nature of his employment and the disease. *See* § 8–41–108(3), C.R.S.1973 (1980 Cum.Supp.). Here, too, the testimony of the examining physician supports the referee's finding in his supplemental order that claimant did not sustain his burden of establishing the necessary causal relationship. And, since the Commission found that claimant had sustained a compensable injury, it could not also find the existence of the conditions necessary to sustain an award of benefits for an occupational disease. *See Colorado Fuel & Iron Corp. v. Industrial Commission*, 154 Colo. 240, 392 P.2d 174 (1964).

The order of the Industrial Commission is affirmed.

ENOCH, C. J., and SMITH, J., concur.