David C. LONDON, Petitioner,

v.

EL PASO COUNTY; State Compensation Insurance Fund, and the Industrial Claim Appeals Office of the State of Colorado, Respondents.

No. 87CA0812.

Colorado Court of Appeals, Div. III.

May 12, 1988.

Steven U. Mullens, P.C., Karen Lambart Spencer, Colorado Springs, for petitioner.

Kathleen W. Robinson, Denver, for respondents El Paso County and State Compensation Ins. Fund.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Gregory K. Chambers, Asst. Atty. Gen., Denver, for respondent Industrial Claim Appeals Office.

HUME, Judge.

David C. London, claimant, seeks review of a final order of the Industrial Claim Appeals Office (Panel) denying his motion

for remand and affirming his scheduled permanent partial disability award. We affirm.

After a hearing held on February 21, 1985, the hearing officer entered an order dated January 13, 1986, approving the employer's admission of liability and determining that claimant was entitled to an award of forty-three percent of the scheduled amount for loss of a leg at the knee. Claimant petitioned the hearing officer for review of that award, contending that a working unit award should have been made.

After filing the petition for review, but before it was determined, claimant also filed a petition to reopen the award on the grounds of error and mistake, and moved that the Division of Labor remand the case to the hearing officer for his consideration of the petition to reopen. On January 14, 1987, the hearing officer entered a supplemental order denying claimant's petition for review and directing him to apply for a hearing on the motion for remand and petition to reopen.

Claimant then filed a petition for review by the Panel of the January 14, 1987, order, and simultaneously requested a stay of review proceedings pending a hearing and rulings on his still pending motion for remand and petition to reopen. The Panel denied his motion for stay of review proceedings concluding that § 8–53–111(7), C.R.S. (1986 Repl. Vol. 3B) required the resolution of the petition for review within sixty days. Claimant then filed another motion with the Panel requesting that it remand the case to the Division of Labor for hearing on the petition to reopen, and again requesting postponement of the Panel's review proceeding.

The Panel issued its final order on May 18, 1987, in which it denied claimant's motions for stay and remand and affirmed the hearing officer's supplemental order of January 14, 1987. Claimant now seeks review of the Panel's final order.

In its final order, the Panel's denial of claimant's motion to stay review was once again based upon its conclusion that § 8–53–111(7), C.R.S. (1986 Repl. Vol. 3B)

required resolution of the petition for review within sixty days after the Panel's receipt of the record certified by the Division of Labor. The denial of claimant's motion for remand rested on the Panel's conclusion that its authority for remand was limited to the grounds enumerated in the same statutory subsection.

The statutory language relied upon by the Panel states:

"The panel may correct, set aside, or remand any order but only upon the following grounds: That the findings of fact are not sufficient to permit appellate review; that conflicts in the evidence are not resolved in the record; that the findings of fact are not supported by the evidence; that the findings of fact do not support the order; or that the award or denial of benefits is not supported by applicable law." Section 8–53–111(7), C.R.S. (1986 Repl. Vol. 3B).

Finally, the Panel determined that the scheduled award granted by the hearing officer's supplemental order was within his discretion, that the award was supported by substantial evidence, and affirmed the hearing officer's ruling.

## I.

Claimant first asserts that the Panel erred in refusing to remand the case for hearing on his petition to reopen. He argues that the enumerated grounds for remand are only some of many circumstances under which the Panel may remand a case. We disagree. Section 8–53–111(7) clearly states that the Panel may remand *only* on the enumerated grounds. Mistake, error, or the desire to offer additional evidence are not proper grounds for remand during the pendency of review proceedings.

Claimant also argues that his motion for remand fell within one of the enumerated grounds and that the Panel's resolution of his petition for review was premature. Claimant reasons that the record was incomplete because his petition to reopen had not been resolved and that, therefore, the hearing officer's findings were insufficient

to permit appellate review. We are not persuaded.

■ The reason for the remand request and petition to reopen was to permit claimant to introduce additional evidence in a second attempt to prove industrial disability. However, this fact does not render the hearing officer's findings insufficient to permit review of the propriety of the scheduled award based on the then-current record.

Claimant's remaining arguments in support of a remand are also unmeritorious. The Panel's failure to remand the case did not interfere with claimant's right to a hearing on the petition to reopen. Section 8–53–114(1), C.R.S. (1986 Repl.Vol. 3B) specifically provides that during the pendency of a petition for review, proceedings may continue on any other issue. Therefore, claimant's entitlement to a hearing on the petition to reopen was not jeopardized and the rule in *Allan v. Gadbois*, 100 Colo. 141, 66 P.2d 331 (1937) requiring a hearing on a petition to reopen has not been violated. The right to reopen remains available pursuant to § 8–53–113, C.R.S. (1986 Repl. Vol. 3B), and the humanitarian purpose of the Workmen's Compensation Act was not disserved by the Panel's action.

## II.

Claimant alternatively asserts that the Panel erred in affirming the hearing officer's scheduled award. He argues that a working unit award was warranted by the evidence. Again, we disagree.

■ The hearing officer is vested with the discretion to elect between either a scheduled or a working unit award. *See World of Sleep, Inc. v. Davis*, 188 Colo. 443, 536 P.2d 34 (1975). If there is substantial evidence that earning capacity is not impaired, a working unit award is not required. *See Collins v. Industrial Commission*, 676 P.2d 1270 (Colo.App.1984).

■ Here, there is substantial evidence to support the conclusion that claimant did not suffer significant wage loss, and that his wage loss resulted from his volitional act rather than from industrial disability. Evidence of physical limitations, even though undisputed, does not compel a working unit award. *See Matthews v. Industrial Commission*, 627 P.2d 1123 (Colo. App.1980). Nor is the physician's rating of disability in terms of a working unit binding on the fact-finder. *See Casa Bonita Restaurant v. Industrial Commission*, 624 P.2d 1340 (Colo.App.1981).

We conclude that the hearing officer did not abuse his discretion making a scheduled award, and that the Panel was correct in affirming the award, which was supported by substantial evidence. *See Collins v. Industrial Commission, supra.*

The order is affirmed.

STERNBERG and METZGER, JJ., concur.